HENRY MELVIN and others *v.* JAMES K. MELVIN and others.

The words "except in cases of fraud," in SEC. 16, ART. I, of the Constitution, comprehends not only fraud, in attempting to hinder, delay and defeat the collection of a debt by concealing property and other fraudulent devises, but embraces also fraud in making the contract—false representations for instance, and fraud in incurring the liability; for instance, when an administrator commits a fraud by applying the funds of the estate to his own use, paying his own debts, and the like.

An administrator who has been fixed with assets is not necessarily a dishonest debtor, or been guilty of fraud in misapplying those assets, so as to exclude him from the privilege of being exempted by the Constitution from being imprisoned for debt.

An affidavit that does nor set forth how the funds in the hands of an administrator have been misapplied, is not sufficient to justify holding him to bail.

This was a MOTION to vacate an order of arrest, heard by his Honor, *Judge Russell,* at chambers, in BLADEN county, at Spring Term, 1872, upon an appeal from an order of the Clerk of the Superior Court of said county.

James K. Melvin, the administrator, had been fixed in the Probate Court of Bladen with assets to the amount of $308.88, for which amount this action is brought against him and his sureties. When the summons issued, Henry Melvin, one of the plaintiffs, filed the following affidavit:

—— "That James K. Melvin was duly appointed and qualified as the administrator upon the estate of Sherrod Simmons, and took into his hands all the personal property of said Simmons, amounting to a large amount, and retained the same several years, without accounting with the plaintiffs who are entitled to the same. That an action was heretofore brought in the Probate Court of Bladen county, for the purpose of recovering the distributive shares of the plaintiffs from the defendant, and a final decree was made by said Court, in which it was adjudged that the defendant was indebted to the plaintiffs in the sum of $308.88, for which sum an execution was issued and returned uncollected.

"That the defendant, James K. Melvin, has misapplied the assets of his intestate; that the defendant has been guilty of misconduct in not promptly paying over to the parties entitled to receive the same, the amount found due upon his account."

Upon this affidavit the Clerk issued an order of arrest, and the defendant was held to bail. Subsequently, after due notice, he applied to the Clerk to vacate said order, assigning the following grounds:

1. That the cause of action is not within the provisions of C. C. P., section 149.

2. That the affidavit is not signed by plaintiffs, or either of them.

3. That the affidavit sets forth that there is a judgment against the defendant for the same cause of action, and for the amount this suit is brought for, and for which he is now held to bail in the cause.

4. That the affidavit does not set forth how the funds have been misapplied.

5. That the affidavit does not set forth that there has been any fraud or dishonest conduct or transaction in the management of the estate.

The Clerk refused to vacate the order of arrest, and the defendant appealed to the Judge of the District.

Upon the hearing at chambers, his Honor reversed the order of the Clerk, and vacated the order of arrest, from which judgment the plaintiffs appealed to this Court.

*R. H. & C. C. Lyon*, for appellants.
*W. S & D. J. Devane*, contra.

Pearson, C. J.  "There shall be no imprisonment for debt, in this State, except in cases of fraud."  Constitution Art. 1, sec. 16.

The words "except in cases of fraud," are very broad and we declare our opinion to be, that they comprehend, not only fraud in attempting to hinder, delay and defeat the collection of a debt by concealing property and other fraudulent devices but embraces also, fraud in making the contract—false representations for instance, and fraud in incurring the liability, for instance, when an administrator commits a fraud by applying the funds of the estate to his own use, paying his own debts and the like.

The subject does not admit of much amplification.  The words are broad, and we give to them their full meaning in order to discourage fraud in any form or shape.  In support of this conclusion we rely upon the opinion delivered by C. J. Winslow of the Supreme Court of New Jersey, *ex parte Clarke* 1 Spencer 648, for which reference we are indebted to the diligence of Mr. Collins, who as *amicus curiæ* filed a brief, in aid of the very meagre arguments, made when the case was heard, for which reason it was held under *advisari* for several terms. The principle involved was of very great importance, yet, as the amount was trifling, the counsel employed by the parties paid no further attention to the case.  In the duty of making an application of the general principle, "there shall be no imprisonment for debt except in cases of fraud," we have this question, Is every administrator, who at the suit of a creditor or of a distributee, is not able to account for the assets of the estate, to be treated as if he was guilty of fraud?

The judgment of a creditor or distributee fixes him with assets and if it be proved that he has the money in hand, he will be ordered to pay the fund into Court, but suppose, he is merely fixed with assets, and there is no telling from the plead ing and affidavits, whether he has embezzled the funds, and put the money into his own pocket, or has lost the assets by negligence in failing to collect notes due to the estate, owing to the stay laws and other disturbing causes, incident to the late war, it would be hard a measure to treat him as a dishonest man, excluded because of fraud, from the provision of the Constitution

At one time it was held by the Courts in England, " when an administrator pleads *plene administravit* and assets are found to the amount of say, $100, he is fixed with assets for the whole amount of the debt, because of his false pleading, in like manner as he was fined *de bonis propriis* by a plea of *payment by himself* and rendered against him because of the fraud. But the Courts under the enlightened views of Lord KENYON, seeing that an administrator was sometimes fixed with assets, by reason of "ill pleading" or of ignorance as to priority of debts, or of negligence in respect to the collection of the debts due to his intestate adopted the rule which has ever since been the law. If an administrator pleads *plene administravit,* and you fix him with assets to the amount of $100, that is as far as you can charge him, *de bonis propriis.* See Williams' Notes to Sanders' Reports, 219, 337.

Apply these principles to our case, the administrator is fixed with assets to the amount of $308.88. Has he embezzled that amount, and put it into his own pocket? We have no proof of the charge and our decision is, that an administrator although fixed with assets, which should be forthcoming, is not thereby found guilty of fraud, so as to exclude him from the privilege of being exempted by the Constitution from being imprisoned for debt, and is not to be treated as a dishonest debtor.

The exception to the affidavit is, " It does not set forth how

the funds have been misapplied." It may have been by embezzlement, or it may have been by neglect.

We concur with his Honor, that the order of the Probate Court ought to have been vacated.

This will be certified.

PER CURIAM.                              Judgment affirmed.