TIMOTHY ELY et al. v. JOHN F. DAVIS et al.

*Malicious Prosecution—Pleading.*

1. It is essential to the maintenance of an action for malicious prosecution that the complaint should contain an averment of the want of probable cause, or a statement of facts which, if proved, would establish a want of probable cause.

2. *Semble*, that an action will not lie for malicious prosecution in a civil suit, unless there has been an arrest of the person, seizure of property, or similar extraordinary proceedings, productive of special damages.

CIVIL ACTION, tried at Spring Term, 1892, of PASQUOTANK Superior Court, *Shuford, J.*, presiding.

The portions of the complaint referred to in the opinion are as follows:

"5. That the said Davis and his co-assistants, by the employment of so vast an array of legal talent of this and other States, by their perseverance, technical pleadings, delays and obstructions, caused the said Ely and the said Terry a vast amount of labor, expense and time in defending said suit, in attendance at Court for over four years, the expense of securing witnesses and their attendance at Court, the expense of attendance and taking depositions before com-

missioners, and employment and payment of attorney in defending said action to its final termination, and for the worriment of mind and the labor of body, plaintiffs claim damage three thousand dollars.

"6. That the charge of fraud perpetrated by the said Terry as the attorney of the said Ely for the benefit and advantage of Ely, was false, malicious, revengeful in spirit, intended to damage and defame both the good name, honor, honesty and commercial standing of both Ely and his attorney and agent, Terry, and to scatter broadcast the cloud of defamation of character through the channels of information that should be held the most sacred, to-wit, the records of Court proceedings, to be held up forever thereby against them, the infamous charge of fraud and attempted fraud, to the damage of the plaintiffs in their minds, in their occupations and in their commercial standing and relations, ten thousand dollars.

"7. That the bringing of the said action by the said defendants and its prosecution to get from said Ely so large an amount of the land conveyed to him by the foreclosure of said mortgage and sale of the said land under it to him, and the recording of the said contract by Davis, alleged by Davis to be fraudulent, caused and is a blight and damage to the plaintiffs' (Ely and Terry) title to his and their said lands, known as the "Great Park Estate," to a large amount; and has prevented and deprived the plaintiffs from making a sale thereof to great advantage, to-wit, for the sum of one hundred thousand dollars, thereby damaging these plaintiffs, Ely and Terry, to the sum of twenty-five thousand dollars."

There was judgment sustaining the demurrer and plaintiffs appealed.

*Mr. Harvey Terry*, for plaintiff.

No counsel, *contra*.

· MacRAE, J.—Upon the demurrer *ore tenus* we are to decide whether the complaint states grounds sufficient to constitute a cause of action. After alleging that in 1885 the defendant Davis had brought an action in the Superior Court of Pasquotank County against the plaintiffs, in which it was charged that the said Terry had made false and fraudulent representations with regard to the number of acres in a certain tract of land, and had procured by fraud the omission of a tract of land from a certain deed of partition, and after alleging that said charges were false and malicious, and that defendant Davis was assisted in bringing the said action by the other defendants, the plaintiffs make three distinct averments of damage, upon which they demand judgment, as will appear by reference to articles 5, 6 and 7 of the complaint.

This, then, is an action to recover damages for malicious prosecution, and we are met at the threshold with the fact that there is no allegation in the complaint of want of probable cause, nor statement of facts which, if proved, would establish the want of probable cause in the alleged malicious charge of fraud and false representation.

This omission is in itself fatal to plaintiffs' action. In the multiplicity of authority that both malice and want of probable cause must be alleged and proved to sustain such an action, we are content to refer to *Williams* v. *Hunter*, 3 Hawks, 545; *Kirkham* v. *Coe*, 1 Jones, 423; *Hewitt* v. *Wooten*, 7 Jones, 182; *Burnett* v. *Nicholson*, 79 N. C., 548; *Barfield* v. *Turner*, 101 N. C., 357.

We may as well say that the law seems to be settled by the weight of authority, although there are some decisions to the contrary, that an action will not lie for malicious prosecution in a civil suit, unless there was an arrest of the person, or seizure of property, as in attachment proceedings at law or their equivalent in equity, or in the proceedings in bankruptcy, or like cases, where there was some special damage

resulting from the action, and which would not necessarily result in all cases of the like kind.

In *Davis* v. *Gully*, 2 D. & B., 360, it is broadly stated by the eminent Judge who delivered the opinion of the Court, that "an action on the case lies against any person who maliciously, and without probable cause, prosecutes another *before any tribunal,* and thereby subjects him to an injury, either in his person, property or reputation." But a careful examination of all the cases in North Carolina has shown the fact that not one has been before this Court, unless the alleged malicious prosecution was in a criminal action, or in the prosecution of some extraordinary remedy on the civil docket, involving the liberty of the person, the seizure of property, injunction, or the like, and consequent special damage.

The Legislature has seen fit to provide for the award of costs to the successful litigant in civil actions, by way of compensation for expenses incurred, and these costs have been held to be the only compensation allowed by law, except in the cases mentioned above, since the fifty-third year of Henry III.

The policy of the law, while encouraging arbitrations and settlements without suit, has ever been to afford fair opportunity to all to have their claims determined in the Courts. To hold it now to be that in every case of failure by the plaintiff to establish his allegation of fraud, there being no special damage resulting therefrom, upon a suggestion of malice and want of probable cause, an action for malicious prosecution would lie against him, would open the flood-gate to a species of litigation hitherto unknown in North Carolina, the absence of which, up to the present time, indicates that it has not heretofore been recognized.

Holding, as we do, with his Honor below, that the demurrer should be sustained and the action dismissed, it is unnecessary that we should examine the other exceptions.

                              Judgment affirmed.