T. G. BENBOW v. J. F. CAUDLE.

(Filed 20 May, 1959.)

Process § 16—

The issuance of execution against the person of defendant on order to show cause after defendant had failed to pay in full a judgment awarding punitive damages against him, even though the execution was issued after defendant's refusal to convey to plaintiff his homestead. cannot be made the basis of an action for abuse of process. since there is no evidence of abuse or misuse of execution after its issuance.

APPEAL by plaintiff from *Phillips, J.,* October Civil Term, 1958, of GUILFORD (Greensboro Division).

When this cause came on for trial in Superior Court the plaintiff stipulated in open court "that he was . . . basing his cause of action upon malicious abuse of process and not for malicious prosecution. . . ."

The substance of plaintiff's evidence at the trial is as follows:

In 1945, J. F. Caudle, defendant in the instant case, sued T. G. Benbow, plaintiff in the case at bar, in the Superior Court of Guilford County for damages for false arrest. The case was tried in 1947. The jury answered the issues in favor of Caudle and awarded $500.00 actual damages and $3,000.00 punitive damages. As a basis for the award of punitive damages the jury, in response to a separate issue as to malice, found that Benbow was actuated by malice in causing the arrest of Caudle. From judgment entered pursuant to the verdict Benbow appealed to the Supreme Court. The judgment was affirmed. *Caudle v. Benbow,* 228 N.C. 282, 45 S.E. 2d 361.

Caudle caused execution to issue and the execution was partially satisfied by levy upon and sale of Benbow's real estate. However, Benbow's homestead exemption was allotted in a parcel of land in the city of Greensboro and this was not sold under the execution. In 1954 Caudle's attorney, with Caudle's consent, proposed to accept conveyance of the homestead in full settlement of the judgment, but Benbow refused. Caudle's attorney then wrote Benbow and renewed the offer, advised that execution against the person would be sought on the basis of the jury's answer to the malice issue unless the homestead was conveyed, explained that Benbow would have to remain in jail under such execution until the judgment was paid or he was otherwise lawfully released, and pointed out that he could not take the pauper's oath so long as he retained the homestead. Benbow ignored the letter.

An order was served on Benbow to show cause why an execution against the person should not issue. The order was duly served 13 days prior to the time set for hearing thereon, but Benbow did not appear. The clerk ordered execution against the person of Benbow. The execution was issued and pursuant thereto the sheriff committed Benbow to jail on August 18, 1954. He was released on October 12, 1954, by order in a habeas corpus proceeding. The entire matter was handled by Caudle's attorney with Caudle's knowledge and consent. Benbow, after his release, instituted this action to recover damages for malicious abuse of process.

At the close of plaintiff's evidence the court allowed the defend-

ant's motion for involuntary nonsuit. From judgment pursuant thereto plaintiff appealed.

Robert S. Cahoon for plaintiff, appellant.
George C. Hampton, Jr., for defendant, appellee.

PER CURIAM. Plaintiff's evidence when considered in the light most favorable to him fails to make out a *prima facie* case of malicious abuse of process in accordance with the controlling principles laid down in *Barnette v. Woody*, 242 N.C. 424, 431, 88 S.E. 2d 223. There is no evidence of abuse or misuse of the execution after its issuance. The judgment below is
Affirmed.