W. C. KOURY v. JOHN MEYER OF NORWICH, A CORPORATION; CASEY, DALY &
BENNETT, P.A., A PROFESSIONAL ASSOCIATION; AND HUGH G. CASEY, JR.,
AND WALTER H. BENNETT, JR., INDIVIDUALLY

No. 7826SC57

(Filed 8 January 1980)

1. **False Imprisonment § 1 — order of arrest erroneous but not void — action for
   false imprisonment improper**

   An order of a superior court judge under which plaintiff was arrested,
   although erroneous, was not void, and it protected against an action for false
   imprisonment both the officer who made the arrest and the defendants who
   procured the order.

2. **Process § 18 — arrest order — no abuse of process**

   Summary judgment was properly entered dismissing plaintiff's claim for
   abuse of process since there is no cause of action for abuse of process when
   the process, even though maliciously obtained, is used only for the purpose for
   which it was intended and the result accomplished was warranted by the writ;
   and in this case, the arrest order for plaintiff issued by a superior court judge
   was used for the purpose for which it was intended, and no improper act of the
   defendants after issuance of the arrest order was shown.

3. **Arrest and Bail § 12; Malicious Prosecution § 13.2 — arrest in civil
   case — failure to show lack of probable cause — no malicious prosecution shown**

   The trial court properly granted defendants' motions for summary judg-
   ment on plaintiff's claim for malicious prosecution where the evidence tend-
   ed to show that defendant corporation employed defendant attorneys to collect a
   balance owed defendant by plaintiff's corporation for goods sold under an ex-
   press contract; pursuant to that employment, the attorneys brought a civil ac-
   tion against plaintiff's corporation; plaintiff testified in that action that he sent
   a check to defendant with "payment in full" language on the back which de-
   fendant cashed, while plaintiff in fact typed the language on the back of the
   check after it had cleared the bank and was returned to him; defendant filed
   an amended complaint seeking a judgment for punitive damages; defendant at-
   torneys also moved that plaintiff be joined as an additional party and that an
   order be issued for his arrest; when defendants filed the amended complaint to
   recover punitive damages for plaintiff's fraud, they had probable cause to seek
   his arrest under G.S. 1-410(4); and plaintiff therefore failed to show a lack of
   probable cause which is an essential element of malicious prosecution.

APPEAL by plaintiff from *Lewis, Judge.* Judgments entered
28 October 1977 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 19 October 1978.

Plaintiff, W. C. Koury, instituted this civil action on 9
February 1976 seeking to recover compensatory and punitive

damages from the defendants on allegations stating alternative claims for false imprisonment, malicious prosecution, and abuse of process. The case arose out of the following facts, which are not in dispute. In 1972 the corporate defendant, John Meyer of Norwich (Meyer), employed the firm of Casey and Daly, P.A. (later Casey, Daly & Bennett, P.A.), attorneys at law, to collect a balance of $6,658.66 which Meyer claimed was owed it under an express contract for goods sold and delivered by Meyer to Libby's Village Shop, Ltd. (Libby's), a corporation of which the plaintiff in the present action, W. C. Koury, was president and sole stockholder. Pursuant to that employment the attorneys brought a civil action on behalf of Meyer against Libby's in the Superior Court in Mecklenburg County. The case came on for trial in November 1974 before Judge B. T. Falls, Jr., and a jury, the hearing at that session of court ending in a mistrial and an order for compulsory reference when Judge Falls determined that the case involved extensive accounting. Prior to entry of the order declaring a mistrial and while the case was being presented to the jury, Koury testified as a witness for Libby's concerning a check dated 28 December 1970 in the amount of $1593.00 which he had drawn in the name of Libby's to the order of Meyer and which Meyer had cashed. This check, which was introduced in evidence, bore on its back the typed statement that "endorsement of this check gives complete and total relief of all obligations past and present to Libby's Village shop — W. C. Koury yes indeed transactions are complete." Koury testified under oath before the jury that this typed statement on the back of the check had appeared thereon at the time he sent the check to Meyer.

After declaration of the mistrial and while the case was pending before the referee, Walter H. Bennett, Jr., one of the attorneys representing Meyer, undertook to have the typed notation on the back of the check examined by an expert to determine if it had been placed on the check after it had been endorsed and cashed by Meyer. He also sought to take the deposition of an officer of the bank on which the check was drawn and to subpoena records of the bank to determine whether the typed statement appeared on the back of the check at the time it cleared the bank. Following these efforts by Bennett, Koury informed the attorney then representing Libby's that he had typed the statement on the back of the check after it had cleared the bank. The attorney

representing Libby's thereupon promptly informed the court and Bennett of this development at a meeting in chambers before Judge Falls at which Koury was also present. Judge Falls expressed the view that the matter should be reported to the grand jury.

By letter dated 12 February 1975, Hugh G. Casey, Jr., one of the attorneys representing Meyer, informed his client of what had occurred and, speaking of Judge Falls's stated intention to send the matter to the grand jury to consider returning an indictment against Koury for perjury, said:

> I don't see what good that would do and with the condition of the criminal docket here I doubt the defendant would ever be convicted. So I went over to Judge Falls and suggested we amend our pleadings to put in a count for fraud, file an affidavit and have the civil court (Judge Falls) issue an order for civil arrest so the defendant can be imprisoned for civil contempt.
>
> The defendant has offered to pay about $953, which is what he offered a long time ago. The defendant's new lawyer said defendant will go into bankruptcy before paying. I told defendant's new lawyer I would do my best to see the defendant's principal goes to jail under civil arrest. Defendant's new lawyer then wanted to know what amount we would want to settle.

On 3 March 1975 Meyer's attorneys moved to be permitted to amend the complaint filed in the action brought by them on behalf of Meyer against Libby's to allege, as "a second cause of action," that Libby's, through its agent Koury, had written the payment in full language on the check after it had cleared the bank and that this constituted a fraud on Meyer and on the court. The amended complaint contained a prayer for judgment for punitive damages. Meyer's attorneys also moved that Koury be joined as an additional party and that an order be issued for his arrest. In support of these motions, the attorneys filed an affidavit of Walter H. Bennett, Jr., in which the facts concerning Koury's sworn testimony and the subsequent revelation as to its falsity were stated. By order filed 19 March 1975 Judge Falls granted the motions to amend the complaint and join Koury as an additional party. In addition, he directed Koury to appear on 1 April

1975 to show cause why an order for his arrest should not issue. A summons for Koury was issued 19 March 1975 and served on him on 21 March 1975.

In response to the show cause order, Koury and his attorney appeared for a hearing before Judge Falls on 1 April 1975. Attorney Casey, representing Meyer, also appeared and presented the affidavit of Bennett and argued in support of the motion for Koury's arrest. At the conclusion of the hearing, Judge Falls signed an order dated 1 April 1975 directing the sheriff of Mecklenburg County to arrest Koury and hold him to bail in the amount of $12,000.00. Pursuant to this order Koury was arrested on 1 April 1975. Later on the same day, he was released after posting the required bond.

On 18 April 1975 Koury moved under G.S. 1A-1, Rule 12(b)(6) to dismiss the amended complaint for failure to state a claim on which relief can be granted. This motion was heard before Judge Frank W. Snepp, who, by order dated 19 August 1975, granted the motion, dismissed the amended complaint, dissolved the arrest order, and directed that the $12,000.00 bail bond be returned to Koury. No appeal was taken from Judge Snepp's order.

On 9 February 1976 Koury filed the present action against Meyer and against its attorneys, Casey, Daly & Bennett, P.A., and Hugh G. Casey, Jr. and Walter H. Bennett, Jr., individually, alleging alternative claims for false imprisonment, malicious prosecution, and abuse of process. Both Meyer and the attorney-defendants filed answers in which they denied that they had acted maliciously, alleged that they had acted in good faith and with probable cause, and in which they pled the facts concerning Koury's perjured testimony as a bar to his right to maintain this action against them. Meyer also pled as a defense that it had acted in good faith reliance upon the advice of its attorneys, and Meyer filed a crossclaim against the attorneys to be indemnified for all sums which Koury might recover of Meyer in this action.

Both Meyer and the attorney-defendants filed motions for summary judgments to dismiss all of Koury's claims against them. After considering the pleadings, admissions of the parties, answers to interrogatories, depositions, affidavits, and oral testimony presented at the hearing on the motions for summary judgment, the court allowed the motions and entered judgments

dismissing all of plaintiff's claims against all defendants. From these judgments, plaintiff appeals.

*T. LaFontine Odom, L. Holmes Eleazer, Jr., and Weinstein, Sturges, Odom, Bigger, Jonas & Campbell for plaintiff appellant.*

*William C. Livingston and Kennedy, Covington, Lobdell & Hickman for John Meyer of Norwich, defendant-appellee.*

*John G. Golding and Golding, Crews, Meekins, Gordon & Gray for Casey, Daly & Bennett, P.A. and Hugh G. Casey, Jr. and Walter H. Bennett, Jr., defendant appellees.*

PARKER, Judge.

[1]    Summary judgments dismissing plaintiff's claim for false imprisonment were properly entered. The order of Judge Falls under which plaintiff was arrested, although erroneous, was not void, and it protects against an action for false imprisonment both the officer who made the arrest and the defendants who procured the order to be entered. *Bryan v. Stewart*, 123 N.C. 92, 31 S.E. 286 (1898); *Tucker v. Davis*, 77 N.C. 330 (1877).

[2]    Summary judgments were also properly entered dismissing plaintiff's claim for abuse of process. "Abuse of process consists in the malicious misuse or perversion of a civil or criminal writ to accomplish some purpose not warranted or commanded by the writ." *Barnette v. Woody*, 242 N.C. 424, 431, 88 S.E. 2d 223, 227 (1955). "It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ." *Melton v. Rickman*, 225 N.C. 700, 703, 36 S.E. 2d 276, 278 (1945); *accord, Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). There is no cause of action for abuse of process when the process, even though maliciously obtained, is used only for the purpose for which it was intended and the result accomplished was warranted by the writ. *Fowle v. Fowle*, 263 N.C. 724, 140 S.E. 2d 398 (1965); *Benbow v. Caudle*, 250 N.C. 371, 108 S.E. 2d 663 (1959). Here, the arrest order issued by Judge Falls was used for the purpose for which it was intended, and no improper act of the defendants after the issuance of the arrest order has been shown.

[3]    This brings us to the principal question presented by this appeal, which is whether the trial court was correct in granting

defendants' motions for summary judgments dismissing plaintiff's claim for malicious prosecution. We hold that it was.

"The common law action for malicious prosecution was originated as a remedy for unjustifiable criminal prosecutions. However, in North Carolina and many other states, the right of action has been extended to include the malicious institution of civil proceedings which involve an arrest of the person or seizure of property or which result in some special damage." *Carver v. Lykes,* 262 N.C. 345, 351-52, 137 S.E. 2d 139, 144 (1964); *accord, Ely v. Davis,* 111 N.C. 24, 15 S.E. 878 (1892). Since plaintiff here was subjected to a civil arrest, his action will lie if he can show the other esential elements of an action for malicious prosecution. To maintain an action for malicious prosecution, a plaintiff must show (1) that the defendant instituted or caused to be instituted against him a criminal proceeding (or, as here, a civil proceeding resulting in some special damage), (2) with malice, (3) without probable cause, and (4) that such proceeding has been terminated in favor of the plaintiff who asserts the claim for malicious prosecution. *Taylor v. Hodge,* 229 N.C. 558, 50 S.E. 2d 307 (1948); *see* Byrd, *Malicious Prosecution in North Carolina,* 47 N.C.L. Rev. 285 (1969). Since plaintiff must prove all of these elements in order to maintain his claim, a defendant will be entitled to summary judgment dismissing plaintiff's action if the record discloses that there is no genuine issue as to the material facts which establish the nonexistence of any one of them. In considering the record for the purpose of making that determination, however, the court must view all material furnished in support of and in opposition to the motion for summary judgment in the light most favorable to the plaintiff as the party opposing the motion, since the movant for summary judgment "always has the burden of showing that there is no triable issue of fact and that movant is entitled to judgment as a matter of law." *Pitts v. Pizza, Inc.,* 296 N.C. 81, 86, 249 S.E. 2d 375, 378 (1978).

Applying these principles in the present case, it is undisputed that defendants instituted the proceeding in which plaintiff was subjected to civil arrest and that the proceeding terminated in favor of the plaintiff when Judge Snepp dissolved the arrest order and dismissed the amended complaint under Rule 12(b)(6). Although defendants deny that they acted with malice, the record discloses that a genuine issue exists for jury deter-

mination as to whether this is so, and aside from express malice, which plaintiff might or might not be able to prove at trial, "implied malice may be inferred from want of probable cause in reckless disregard of plaintiff's rights." *Pitts v. Pizza, Inc., supra* at 86-7, 249 S.E. 2d at 379. Thus, determination of this appeal turns upon whether the record discloses that there is no genuine issue as to the material facts which establish that defendants acted with probable cause.

> In cases grounded on malicious prosecution, probable cause "has been properly defined as the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." *Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907). The existence or nonexistence of probable cause is a mixed question of law and fact. *Cook v. Lanier*, 267 N.C. 166, 147 S.E. 2d 910 (1966); *Taylor v. Hodge, supra*. If the facts are admitted or established it is a question of law for the court. *Carson v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609 (1950). Conversely, when the facts are in dispute the question of probable cause is one of fact for the jury."

*Pitts v. Pizza, Inc., supra*, at 87, 249 S.E. 2d at 379.

In the present case, the facts are not in dispute. In their amended complaint which defendants filed in the action brought by Meyer against Libby's, defendants based their claim that they were entitled to have Koury arrested upon the following allegations:

> (6) That the defendant [Libby's] denied owing for the goods on the grounds that it had tendered to the plaintiff [Meyer] a check with payment in full language and that the plaintiff had knowingly accepted this check.

> (7) That the defendant, through its agent, W. C. Koury, had written the payment in full language after the check had been accepted by the plaintiff and cleared the bank and returned to the defendant.

> (8) That the foregoing acts of the defendants [Libby's and Koury, who was joined as an additional party defendant] constitute a fraud on the plaintiff and the court.

Koury v. John Meyer of Norwich

At the time the amended complaint was filed there was no dispute, nor is there any now, concerning the truth of the allegations contained in paragraphs 6 and 7. Plaintiff Koury has admitted that he typed the "payment in full" language on the back of the check after it was cashed by Meyer. He has admitted that he gave false testimony under oath when he testified that the typed language was on the check when it was first presented to Meyer. Koury's obvious purpose in adding the typed statement to the back of the check and then committing perjury concerning it was to perpetrate a fraud by having the check operate as a bar to defeat Meyer's claim. The question thus becomes whether knowledge of these undisputed facts[1] furnished the defendants, at the time they undertook to have Koury subjected to civil arrest, probable cause to have him arrested. This is a question of law for the court.

The North Carolina statute which specifies the causes for which a defendant in a civil action may be subjected to prejudgment arrest is G.S. 1-410. For purposes of this appeal the pertinent portions of G.S. 1-410 are as follows:

G.S. 1-410. *In what cases arrest allowed.* — The defendant may be arrested, as hereinafter prescribed, in the following cases:

*       *       *

(4) When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought, in concealing or disposing of the property for the taking, detention or conversion of which the action is brought, *or when the action is brought to recover damages for fraud or deceit.* (Emphasis added.)

---

1. At the hearing before Judge Falls on return of the show cause order, attorney Hugh G. Casey, Jr., one of the defendants in the present action, appearing for Meyer, stated to Judge Falls that he had information that Libby's had transferred all its inventory and fixtures to another corporation owned by Koury and that this corporation had in turn given a security interest to the bank. He presented this as justification for holding Koury on "a bond sufficient to the judgment that we may obtain." On this appeal, defendant-appellants point out that the record shows that when Meyer later obtained judgment in the amount of $2700.00 against Libby's, the sheriff returned execution reporting no assets to be found, and they argue that this shows that Libby's assets had in fact been disposed of. We do not consider these matters relevant to the present appeal, since the question here is not whether defendants in this action had other grounds, such as those set forth in subsection (5) of G.S. 1-410, which could have furnished them with probable cause to have Koury arrested, but whether the grounds which they utilized by stating them in their amended complaint furnished probable cause.

This statute has been in effect for more than a century, appearing as § 149, subsection 4, of the Code of Civil Procedure of 1868. The breadth of its language suggests that it was designed to authorize civil arrests to the full extent permitted by our North Carolina constitutional provision against imprisonment for debt "except in case of fraud." Art. I, Sec. 28, N.C. Constitution. Speaking of this constitutional exception permitting imprisonment in case of fraud, our Supreme Court long ago expressed the view that the exception comprehended "fraud in attempting to hinder, delay and defeat the collection of a debt by concealing property and other fraudulent devices." *Melvin v. Melvin,* 72 N.C. 384, 386 (1875). In our opinion Koury's activities in adding the "payment in full" language to the check after it had been cashed by Meyer, and in then attempting to use the check to defeat Meyer's claim, constituted fraud within the intent of G.S. 1-410(4) and within the North Carolina constitutional exception permitting imprisonment in case of fraud. Therefore, we hold that when Meyer and its attorneys filed the amended complaint seeking to recover punitive damages for Koury's fraud, they had probable cause to seek his arrest under G.S. 1-410(4). This, apparently, was the view adopted by Judge Falls when he issued his order of 1 April 1976 directing that Koury be arrested. That order in itself, even though subsequently set aside by Judge Snepp, is conclusive in favor of the defendants in the present action on the question of probable cause so that they may not now be held liable for malicious prosecution. *Overton v. Combs,* 182 N.C. 4, 108 S.E. 357 (1921); *Baranan v. Kazakos,* 125 Ga. App. 19, 186 S.E. 2d 326 (1971); *see* Annot., 58 A.L.R. 2d 1422 (1958).

We note that some two years after Judge Falls entered his order of 1 April 1975 directing Koury's arrest, a three-judge federal court considered a case in which the constitutionality of G.S. 1-410 was challenged on the grounds that it violates the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution. *Grimes v. Miller,* 429 F. Supp. 1350 (1977), *aff'd* 434 U.S. 978, 98 S.Ct. 600, 54 L.Ed. 2d 473 (1977). Although the court in that case expressly declined to pass on the constitutionality of G.S. 1-410, holding that the plaintiff lacked standing to challenge the North Carolina pre-judgment arrest statutes and confining its decision to a consideration of G.S. 1-311 which provides for post-judgment civil arrest, the reasoning of

the opinion of the court, written by Craven, Circuit Judge, raises a serious question as to whether G.S. 1-410 violates the due process and equal protection clauses of the Fourteenth Amendment. That question is not presently before us. Even if G.S. 1-410 should ultimately be declared unconstitutional, defendants would have been entitled to rely upon it when they caused Koury's arrest in 1975. *See, Powell v. Duke University,* 18 N.C. App. 736, 197 S.E. 2d 910 (1973); *cert. denied* 284 N.C. 122, 199 S.E. 2d 660 (1973).

The summary judgments dismissing all of plaintiff's claims against all defendants are

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.