CAROLYN B. FOWLER v. J. M. VALENCOURT AND CITY OF SALISBURY, NORTH CAROLINA

No. 9119SC1137

(Filed 1 December 1992)

1. **Limitations, Repose, and Laches § 44 (NCI4th)— false imprisonment—assault—statute of limitations**

   Plaintiff's claims against a police officer for false imprisonment and assault were barred by the one-year statute of limitations of N.C.G.S. § 1-54(3) where the claims were based on plaintiff's arrest on 18 October 1989 and the complaint was filed on 22 October 1990.

   **Am Jur 2d, Assault and Battery § 65; False Imprisonment § 105.**

2. **Appeal and Error § 418 (NCI4th)— questions omitted from brief—abandonment**

   Questions not presented and discussed in a party's brief are deemed abandoned. Appellate Rule 28(c).

   **Am Jur 2d, Trial §§ 50, 186.**

3. **Malicious Prosecution § 19 (NCI4th)— police officer—probable cause—summary judgment improper**

   Summary judgment was improperly entered for defendant police officer in plaintiff's action for malicious prosecution of plaintiff on a charge of willfully obstructing the officer because the evidence raised a material factual issue as to probable cause where it showed that plaintiff drove away from her sister's residence with her brother in the car while the officer was waiting for warrants to arrive for the brother's arrest; the officer's affidavit stated that he informed the brother in plaintiff's presence not to leave the residence; plaintiff testified by deposition that the officer testified at her criminal trial that he did not believe plaintiff knew that he intended to arrest the brother; and the evidence was thus conflicting as to whether the officer believed that defendant intentionally obstructed him when she drove away from her sister's residence.

   **Am Jur 2d, Summary Judgment §§ 15, 17.**

FOWLER v. VALENCOURT

[108 N.C. App. 106 (1992)]

4. **Municipal Corporations § 12.3 (NCI3d)— tort by police officer — liability of city**

Defendant city is liable for any tort committed by defendant police officer during the course and scope of his employment to the extent that the city has waived governmental immunity by purchasing liability insurance. N.C.G.S. § 160A-485(a).

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 1, 5.

Coverage and exclusions under liability policy issued to municipal corporation or similar governmental body. 23 ALR3d 1282.

5. **Public Officers § 9 (NCI3d)— civil rights action — police officer — qualified immunity — summary judgment improper**

Summary judgment was improperly entered for defendant policeman on the issue of qualified immunity in plaintiff's 42 U.S.C. § 1983 action based on defendant's alleged false arrest and malicious prosecution of plaintiff for willfully obstructing the officer in violation of N.C.G.S. § 14-223 where plaintiff's forecast of evidence tended to show that defendant admitted under oath that he did not believe plaintiff had committed a violation of § 14-223 at the time he arrested her.

Am Jur 2d, Civil Rights § 19.

6. **Public Officers § 9 (NCI3d)— civil rights action — assault by police officer — insufficient forecast of evidence**

Plaintiff's forecast of evidence was insufficient to support her 42 U.S.C. § 1983 claim that defendant police officer assaulted her at the time of her arrest in violation of her constitutional rights where it tended to show that defendant officer did not participate in the physical arrest of plaintiff but only directed another officer to place handcuffs on plaintiff's wrists, and plaintiff made no attempt to show that either officer used force which was excessive under the circumstances.

Am Jur 2d, Civil Rights § 19.

When does police officer's use of force during arrest become so excessive as to constitute violation of constitutional rights, imposing liability under Federal Civil Rights Act of 1871 (42 USCS sec. 1983). 60 ALR Fed 204.

FOWLER v. VALENCOURT

[108 N.C. App. 106 (1992)]

**7. Public Officers § 9 (NCI3d) — civil rights action — arrest without probable cause — unreasonable seizure — sufficient forecast of evidence**

Plaintiff's forecast of evidence was sufficient to support her 42 U.S.C. § 1983 claim that defendant police officer arrested her without probable cause in violation of her Fourth Amendment right to be free from unreasonable seizures where it tended to show that defendant arrested plaintiff for willfully obstructing him from arresting her brother in violation of N.C.G.S. § 14-233, and that defendant admitted under oath in her criminal trial that he did not believe plaintiff knew at the time of her arrest that defendant intended to arrest her brother.

**Am Jur 2d, Civil Rights § 19.**

**8. Public Officers § 9 (NCI3d) — alleged malicious prosecution claim — insufficient for civil rights claim**

Plaintiff's allegation that her constitutional rights were violated when defendant police officer maliciously initiated a criminal prosecution against her was insufficient to state a 42 U.S.C. § 1983 claim against the officer.

**Am Jur 2d, Civil Rights § 19.**

Appeal by plaintiff from DeRamus (Judson D.), Judge. Order entered 26 August 1991 in Superior Court, Rowan County. Heard in the Court of Appeals 21 October 1992.

Plaintiff instituted this civil action against defendants by complaint filed 22 October 1990 wherein she alleged state common law tort claims of assault, false arrest and malicious prosecution and a claim for relief pursuant to the Federal Civil Rights Act, Title 42 U.S.C. § 1983. Plaintiff also alleged entitlement to both actual and punitive damages from both defendants. All of plaintiff's claims arise out of an incident which occurred on 18 October 1989. Defendants' answer denied the allegations of the complaint and asserted the affirmative defense of governmental immunity on the part of the City of Salisbury, the one year statute of limitations contained in G.S. § 1-54(3) as to plaintiff's assault and false arrest claims and qualified immunity on the part of Officer Valencourt.

FOWLER v. VALENCOURT

[108 N.C. App. 106 (1992)]

Following discovery, defendants filed a motion for summary judgment which was granted by Judge DeRamus. It is from that order dismissing all of her claims that plaintiff appeals.

*Smith, Follin & James, by Norman B. Smith and Seth R. Cohen, for plaintiff, appellant.*

*Michael B. Brough & Associates, by William C. Morgan, Jr., and Michael B. Brough, for defendants, appellees.*

HEDRICK, Chief Judge.

The facts set forth in the affidavits and depositions presented at the hearing of defendants' summary judgment motion, stated in the light most favorable to plaintiff, tend to show that at all times relevant hereto defendant Valencourt was a police officer for the City of Salisbury. On 18 October 1989, plaintiff was arrested and charged with resisting, delaying and obstructing Officer Valencourt. On 8 December 1989, plaintiff was tried in District Court, Rowan County and found not guilty of the charge. Plaintiff suffered permanent disability to her left hand as a result of the manner in which she was handcuffed and transported to the jail at the time of her arrest.

On the date of her arrest, plaintiff had driven to the home of her sister, Ann B. Dixon, after work in order to pick up and take home their brother, Norman Blackwell. Upon arriving at Ms. Dixon's home, Ms. Fowler found Officer Valencourt talking with Ms. Dixon concerning a television set which had been stolen from her home. Mr. Blackwell was also at Ms. Dixon's residence, and plaintiff informed her brother that she needed to leave in order to go to her home.

Officer Valencourt stated in his affidavit that, upon arriving at Ms. Dixon's residence, he made a telephone call regarding the stolen television. While discussing the theft over the telephone with a Rowan County Sheriff's Deputy, Valencourt learned of outstanding arrest warrants against Norman Blackwell. He thereafter requested that the deputy bring the warrants to Ms. Dixon's house. Defendant Valencourt initially informed only Ms. Dixon of the warrants for her brother's arrest. Ms. Dixon, however, became very upset and began shouting and arguing with Officer Valencourt. Valencourt stated that he then informed Mr. Blackwell that

the orders for arrest were en route and that Mr. Blackwell should not leave Ms. Dixon's residence.

Plaintiff testified in deposition that she knew that Ms. Dixon and Officer Valencourt were arguing and shouting at each other in the kitchen. She did not, however, know the subject matter of their argument and she testified that she did not know that Officer Valencourt had told her brother not to leave the residence. Ms. Fowler walked to her car and her brother followed. She testified that it was raining very hard and, after getting into her car, she could no longer hear the argument between Ms. Dixon and defendant Valencourt. Plaintiff did admit that the two followed her out of the house and stood on the porch as she and her brother drove away.

Defendant Valencourt walked to his vehicle and called for assistance. He thereafter followed plaintiff's vehicle and stopped her approximately two blocks from her sister's home. Another officer, responding to Valencourt's call, arrived as plaintiff stopped her vehicle. Defendant Valencourt took Mr. Blackwell from the car, handcuffed him, and led him to the patrol car. At Valencourt's direction, the other officer handcuffed plaintiff and placed her in his patrol car. Plaintiff testified that she complained about the fitting of the handcuffs on at least three occasions during her trip to the police station, and when the handcuffs were finally removed from her wrists, plaintiff's hands were numb and blistered. Dr. Gary Poehling testified in deposition that plaintiff received a fifteen percent permanent partial disability to her left hand as a result of the injury caused by the handcuffs.

In his affidavit, defendant Valencourt states that he informed Mr. Blackwell not to leave Ms. Dixon's residence within the presence of plaintiff. He further stated that he again informed Mr. Blackwell not to leave as he and plaintiff were walking to plaintiff's car. Plaintiff, however, stated in deposition that, while testifying at the trial of her criminal charge, Officer Valencourt admitted that he knew at the time he arrested plaintiff that she "did not know anything that was going on" at her sister's house and that he further admitted that he did not at any time tell plaintiff not to leave Ms. Dixon's residence.

[1] Plaintiff's only assignment of error is that the trial court improperly granted summary judgment as the forecast of evidence establishes the existence of disputed material facts with

regard to each claim set forth in her complaint. It is clear, however, that plaintiff's state common law claims of false imprisonment and assault are barred by the statute of limitations set forth in G.S. § 1-54(3). This one year limitation period applies to all actions for assault and false imprisonment, even those actions wherein the defendant is a police officer. *See Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981). Plaintiff was arrested 18 October 1989 and the complaint was filed 22 October 1990. Summary judgment was proper as to these two claims against both defendants.

[2] Plaintiff concedes in her brief filed with this Court that she has failed to present a forecast of evidence sufficient to survive defendants' motion for summary judgment with regard to the issue of the liability of defendant City of Salisbury pursuant to 42 U.S.C. § 1983. We will not therefore address that issue. Further, plaintiff presents no argument in support of the contention within her complaint that she is entitled to an award of punitive damages against both defendants. Rule 28 of the Rules of Appellate Procedure provides that questions not presented and discussed in a party's brief are deemed abandoned. N.C.R. App. P. 28(a); *Gentile v. Town of Kure Beach*, 91 N.C. App. 236, 237, 371 S.E.2d 302, 303 (1988); *Love v. Pressley*, 34 N.C. App. 503, 239 S.E.2d 574 (1974), *disc. review denied*, 294 N.C. 441, 241 S.E.2d 843 (1978).

[3] Plaintiff next argues that the conduct of defendant Valencourt supports a state common law claim of malicious prosecution and that defendant City of Salisbury is also liable as Valencourt acted during the course and scope of his employment as a city police officer. In order to establish a claim of malicious prosecution, plaintiff must show: 1) that defendant initiated the earlier proceeding; 2) that he did so maliciously and without probable cause; and 3) that the earlier proceeding terminated in plaintiff's favor. *Jones v. Gwynne*, 312 N.C. 393, 397, 323 S.E.2d 9, 11 (1984); *Stanback v. Stanback*, 297 N.C. 181, 202, 245 S.E.2d 611, 625 (1979). As malice can be inferred from the want of probable cause alone, *Cook v. Lanier*, 267 N.C. 166, 170, 147 S.E.2d 910, 914 (1966); *Wright v. Harris*, 160 N.C. 542, 550, 76 S.E. 489, 497 (1912), and as there is no dispute that defendant initiated the criminal prosecution against plaintiff and that the prosecution ended with the adjudication that she was not guilty as charged, the only issue for resolution is the existence or absence of probable cause.

Our Supreme Court has stated:

> In cases grounded on malicious prosecution, probable cause
> 'has been properly defined as the existence of such facts and
> circumstances, known to him at the time, as would induce
> a reasonable man to commence a prosecution.' *Morgan v.*
> *Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907). The ex-
> istence or nonexistence of probable cause is a mixed question
> of law and fact. *Cook v. Lanier*, 267 N.C. 166, 147 S.E.2d 910
> (1966); *Taylor v. Hodge, supra.* If the facts are admitted or
> established it is, a question for the court. *Carson v. Doggett*,
> 231 N.C. 629, 58 S.E.2d 609 (1950). Conversely, when the facts
> are in dispute the question of probable cause is for the jury.

*Pitts v. Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978);
*See Koury v. John Meyer of Norwich*, 44 N.C. App. 392, 261 S.E.2d
217, *disc. review denied*, 299 N.C. 736, 267 S.E.2d 662 (1980). Plain-
tiff was arrested for allegedly violating G.S. § 14-223 which makes
it an offense to "wilfully and unlawfully resist, delay, or obstruct
a public officer in discharging or attempting to discharge a duty
of his office, . . . ." N.C. Gen. Stat. § 14-223 (1986). This statute
expressly contains the element of willfulness, "one, who does not
intend to resist, obstruct or delay the officer's performance of his
duty cannot be [guilty of the offense] . . . ." *State v. Singletary*,
73 N.C. App. 612, 615, 327 S.E.2d 11, 13, *disc. review denied*, 314
N.C. 335, 333 S.E.2d 495 (1985). Defendant Valencourt contends
that plaintiff committed this offense when she drove away from
her sister's residence with her brother Norman Blackwell in the car.

Defendant Valencourt's affidavit states that he informed Mr.
Blackwell not to leave Ms. Dixon's residence in the presence of
plaintiff. Plaintiff testified in deposition, however, that defendant
Valencourt stated under oath at her criminal trial that he did
not believe plaintiff knew what had transpired between he and
her brother or between he and Ms. Dixon prior to plaintiff's leaving
Ms. Dixon's residence. If in fact plaintiff did not know that defend-
ant Valencourt intended to arrest her brother, she obviously was
not "intentionally obstructing a public officer" when she drove
away from her sister's house. We hold that the evidence of these
conflicting statements by defendant raises a material factual issue
as to whether defendant Valencourt believed plaintiff had com-
mitted a violation of G.S. § 14-223 at the time he arrested her.
Summary judgment on this issue was therefore improper.

FOWLER v. VALENCOURT

[108 N.C. App. 106 (1992)]

[4] Further, defendant City of Salisbury can be held liable for any tort committed by defendant Valencourt during the course and scope of his employment, *West v. Woolworth*, 215 N.C. 211, 1 S.E.2d 546 (1939), to the extent that the City has waived governmental immunity by purchasing liability insurance. N.C. Gen. Stat. § 160A-485(a) (1987); *Edwards v. Akion*, 52 N.C. App. 688, 279 S.E.2d 894 (1981). Defendants do not argue that Officer Valencourt was not acting within the scope of his employment at the time of plaintiff's arrest, and the City admitted in its answer to plaintiff's complaint that it had purchased liability insurance. Summary judgment in favor of defendant City of Salisbury on this issue was also improper.

Plaintiff's remaining claims concern only defendant Valencourt and are based upon 42 U.S.C. § 1983. Plaintiff argues that defendant Valencourt's conduct in assaulting her, falsely arresting her and in maliciously prosecuting her each amounts to a deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Defendant Valencourt denies that the facts alleged by plaintiff amount to a deprivation of any constitutional right and further argues that the doctrine of qualified immunity protects him from liability as a matter of law. We will first address the issue of qualified immunity.

The Supreme Court of the United States has recently stated:

Our cases establish that qualified immunity shields [police officers] from suits for damages if 'a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.' *Anderson v. Creighton*, 483 U.S. 635, 641, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987). Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity. *Ibid.* Moreover, because '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,' *Mitchell v. Forsyth*, 472 U.S. 511, 526, 86 L.Ed.2d 411, 105 S.Ct. 2806 (1985), we have repeatedly stressed the importance of resolving immunity questions at the earliest possible stage of litigation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982) . . . .

*Hunter v. Bryant*, 502 U.S. ---, 116 L.Ed.2d 589, 595, 112 S.Ct. --- (1991) (citations omitted). However, the doctrine of qualified immunity does not extend protection to those law enforcement

officials who are "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 89 L.Ed.2d 271, 106 S.Ct. 1092 (1986); *See Anderson v. Creighton*, 483 U.S. 635, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987).

[5] Plaintiff has brought forth evidence tending to show that Officer Valencourt admitted under oath that he did not believe plaintiff had committed a violation of G.S. § 14-223 at the time that he arrested her. If true, defendant Valencourt certainly "knowingly violate[d] the law" and is not entitled to immunity. As all evidence submitted by plaintiff at this stage of the proceedings must be considered indulgently, *Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972), and as the slightest doubt as to the facts entitles plaintiff to a trial, *Snipes v. Jackson*, 69 N.C. App. 64, 316 S.E.2d 657, *disc. review denied*, 312 N.C. 85, 321 S.E.2d 899 (1984), summary judgment on the issue of qualified immunity was also improper.

We must therefore determine whether plaintiff has presented a forecast of evidence sufficient to support a claim for damages pursuant to 42 U.S.C. § 1983. The Federal Civil Rights Act imposes civil liability upon persons who deprive an individual, under color of state law, of rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Myrick v. Cooley*, 91 N.C. App. 209, 371 S.E.2d 492, *disc. review denied*, 323 N.C. 477, 373 S.E.2d 865 (1988). In order to state "a meritorious claim [pursuant to Section 1983], a plaintiff must allege that he was deprived of some constitutional right." *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981). State courts have concurrent jurisdiction with federal courts with regard to actions pursuant to § 1983 and such claims are therefore properly instituted and maintained in the courts of this State. *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981).

[6] Plaintiff first argues that Officer Valencourt committed an assault upon her at the time of her arrest which violated her constitutional rights. Pursuant to the common law of North Carolina, an assault by a law enforcement officer upon a citizen can provide the basis for a civil action for damages against the officer only if a plaintiff can show that the officer used force against plaintiff which was excessive under the given circumstances. *Myrick*, at 215, 371 S.E.2d at 496; *See Kuykendall v. Turner*, 61 N.C. App. 638, 301 S.E.2d 715 (1983); *Todd v. Creech*, 23 N.C. App. 537, 209 S.E.2d 293, *cert. denied*, 286 N.C. 341, 211 S.E.2d 216 (1974). To

establish a constitutional violation sufficient to support liability pursuant to § 1983, however, plaintiff must establish an even greater degree of excessive force than that required for a state law tort action. *Myrick, supra, citing, Justice v. Dennis*, 834 F.2d 380, 382 (4th Cir. 1987).

Officer Valencourt did not participate in the physical arrest of plaintiff. Ms. Fowler argues only that he "directed" the other officer to place the handcuffs on her wrists. Further, plaintiff does not even attempt to argue that either officer used force which was excessive under the circumstances. Plaintiff contends only that because Officer Valencourt was a city police officer at the time of the alleged assault, she is entitled to maintain a § 1983 action. Such a contention is clearly insufficient to state a constitutional violation. *See Justice*, 834 F.2d 380 (4th Cir. 1987); *Cramer*, 648 F.2d 943 (4th Cir. 1981).

[7] Plaintiff next contends that Officer Valencourt violated her fourth amendment right to be free from unreasonable seizures when he arrested her without probable cause. It is well established that an arrest made in violation of the fourth amendment will give rise to a cause of action under § 1983, *Myrick*, at 212, 371 S.E.2d at 494, *citing, Monroe v. Pape*, 365 U.S. 167, 5 L.Ed.2d 492 (1961), and "under fourth amendment standards, the validity of arrest turns upon the existence of probable cause." *Id*. In situations involving a warrantless arrest, the existence of probable cause depends upon whether "the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonable trustworthy information were sufficient to warrant a prudent man in believing that [plaintiff] had committed or was committing an offense." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1345 (7th Cir. 1985).

As we previously stated above, there is a genuine issue of material fact in this matter regarding whether defendant Valencourt believed plaintiff had committed a crime at the time he made the arrest. When the "facts and circumstances" upon which the determination of probable cause depends are in dispute, summary judgment on the validity of the arrest is improper. *Id*. at 1347. We find that the jury must resolve the inconsistency between the statement made by defendant Valencourt in his affidavit and that statement which plaintiff contends he made at the trial of her criminal case before the existence or absence of probable cause can be properly determined.

**[8]** Finally, plaintiff argues that her constitutional rights were violated when defendant maliciously initiated a criminal prosecution against her. Again, "a valid cause of action under § 1983 is not alleged by the simple assertion that a common law tort was committed by a state official. . . . [A] plaintiff must allege that he was deprived of some constitutional right." *Cramer*, at 945; *Justice*, 834 F.2d 380. Although it is clear that there can be situations wherein an officer's wrongful initiation and continuation of a criminal prosecution can rise to the level of a constitutional deprivation, *see Goodwin v. Metts*, 885 F.2d 157 (4th Cir. 1989), plaintiff makes no effort to distinguish her federal claim from her state common law claim of malicious prosecution and fails to set forth the precise "constitutional right" which she contends has been violated by the prosecution. Summary judgment was therefore proper with regard to this aspect of plaintiff's federal cause of action.

In conclusion, the trial court's summary judgment dismissing plaintiff's state common law claims of assault and false imprisonment against both defendants and dismissing plaintiff's claims pursuant to 42 U.S.C. § 1983 based upon assault and malicious prosecution against both defendants will be affirmed. Further, the summary judgment dismissing all federal claims against defendant City of Salisbury will be affirmed as will be the dismissal of plaintiff's claim for punitive damages against both defendants. The summary judgment dismissing plaintiff's state common law claims of malicious prosecution against both defendants will be reversed as will be the judgment dismissing plaintiff's § 1983 claim against defendant Valencourt based upon her alleged unlawful arrest.

Summary judgment is affirmed in part and reversed in part.

Judges ARNOLD and WELLS concur.