FREIDA MAE HINTON, Administratrix of the ESTATE OF RICKY NAPO—
LEAN HINTON v. THE CITY OF RALEIGH, A MUNICIPAL CORPORA-
TION OF THE STATE OF NORTH CAROLINA: ROBERT GOODWIN,
CHIEF OF POLICE OF THE CITY OF RALEIGH POLICE DEPARTMENT;
WOODROW W. HAYES, P. J. McCANN, T. W. GARDNER, E. O.
LASSITER, G. W. BLACK, D. C. WILLIAMS, E. D. WHITLEY, J. M.
GLOVER, J. C. HOLDER, L. A. EDWARDS, R. A. HOGG, P. E. BRASWELL,
J. S. BURGE, E. M. LEFLER, L. ZETTLEMAIER, J. THARRINGTON, R. D.
MOORE, POLICE OFFICERS OF THE CITY OF RALEIGH; and JAMES
RICHITELLI, a police agent/informer

No. 7910SC951

(Filed 15 April 1980)

Arrest and Bail § 5.1; Death § 3.6; Municipal Corporations § 10— shooting of rob-
ber by police—inducement to participate in robbery by paid informant—no
liability by city and police officers

    Plaintiff could not recover from defendants, a city and its police officers,
for the death of deceased who was shot and killed by city police officers while
attempting to escape after an armed robbery at a motel, even if deceased was
induced to participate in the armed robbery by the city's paid informant,
where the evidence showed that officers ordered deceased to halt, deceased
went into a crouching position and pointed toward the officers, and an officer
then shot and killed deceased, since (1) the officer was justified in shooting
deceased under G.S. 15A-401(d)(2)(a); (2) deceased contributed to his own death
by his negligence in participating in the robbery, refusing to surrender when
ordered to do so, and pointing toward the officers; and (3) there was no
evidence that deceased was killed because of his race.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered
14 June 1979 in Superior Court, WAKE County. Heard in the
Court of Appeals 28 March 1980.

    This is an action by the mother of Ricky Hinton who was
shot and killed by a member of the City of Raleigh Police Depart-
ment while Hinton was escaping from a robbery at a Holiday Inn
in Raleigh. Plaintiff alleged in her complaint that Ricky Hinton
was induced to participate in the robbery by James Richitelli, a
paid informant of the City of Raleigh Police Department; that the
informant provided the plans, the gun and the automobile used to
commit the robbery; and that the informant drove Ricky Hinton
and another man, Rush Higgins, to the Holiday Inn where Hinton
and Higgins went into the lobby with a gun provided by the infor-
mant. Plaintiff further alleged that Higgins demanded and receiv-
ed money from two Raleigh police officers who were posing

as motel clerks, and that as Hinton and Higgins left the Holiday Inn, a "confrontation ensued" which ended when defendant Woodrow W. Hayes shot and killed Higgins and Hinton. Plaintiff alleged that some of the defendants deliberately planned a fake robbery with the intention of killing Ricky Hinton, and the other defendants were negligent in training and supervising the officers. Plaintiff alleged that Ricky Hinton was killed because of his race; that the defendants were acting under the color of law; that he was deprived of his life without due process of law or the equal protection of the law; that his death violated G.S. 28A-18-2, G.S. 15A-401(d)(2) and 42 U.S.C. §§ 1981, 1983, 1985, and all this was done pursuant to a conspiracy by the defendants.

Extensive discovery was had. Several of the officers were deposed and each denied the robbery was planned by the City of Raleigh Police Department. The plaintiff made a motion for the production of the memorandums of the Raleigh Police Department pertaining to the killing which motion was denied. On 12 June 1979, the court granted the defendants' motion for summary judgment. Plaintiff appealed.

*Irving Joyner for plaintiff appellant.*

*Haywood, Denny and Miller, by George W. Miller, Jr., and Police Attorney Kurt C. Stakeman, for defendant appellees.*

WEBB, Judge.

We affirm the judgment of the superior court. The pleadings, depositions and documents relied on by the court reveal, in the light most favorable to the plaintiff, that Ricky Hinton was induced to commit an armed robbery by a paid informant of the City of Raleigh Police Department with the intention on the part of the police of killing Ricky Hinton; that as Ricky Hinton and his companion left the lobby of the Holiday Inn after committing the robbery, they were ordered to halt by members of the City of Raleigh Police Department; that Hinton and Higgins refused to halt and Higgins pointed a gun at a Raleigh policeman who killed him; that Hinton went into a crouching position and raised his arm toward the same Raleigh policeman who killed Higgins. It is hard to believe the allegations as to the motives of the City of Raleigh policemen, but even if they are true, we hold the plaintiff cannot recover on the facts of this case. We have found no prece-

dent for the case sub judice. We do not believe we should hold that a person who voluntarily commits an armed robbery, although persuaded to do so by a police informant, may then sue the policemen who used proper procedures in attempting to arrest that person after the robbery.

Plaintiff either deposed or had a chance to depose all the witnesses to the shooting. All the evidence showed that Ricky Hinton robbed the Holiday Inn. All the evidence showed the officers ordered him to halt, and he went into a crouching position and pointed toward the officers. He had just participated in a robbery in which a gun was used. G.S. 15A-401 provides in part:

(d) Use of Force in Arrest.—

    (1) Subject to the provisions of subdivision (2), a law-enforcement officer is justified in using force upon another person when and to the extent that he reasonably believes it necessary:

                \*     \*     \*

        b. To defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape.

    (2) A law-enforcement officer is justified in using deadly physical force upon another person for a purpose specified in subdivision (1) of this subsection only when it is or appears to be reasonably necessary thereby:

        a. To defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force;

        b. To effect an arrest or to prevent the escape from custody of a person who he reasonably believes is attempting to escape by means of a deadly weapon, or who by his conduct or any other means indicates that he presents an imminent threat of death or serious physical injury to others unless apprehended without delay . . . .

When Ricky Hinton participated in the armed robbery, even if he was persuaded to do so by the State's paid informant, this did not eliminate the duty of Ricky Hinton to submit when ordered to do so by the officers. Nor did it eliminate the right of self-defense of Mr. Hayes as set forth in the statute. According to all the evidence, Mr. Hayes had the right to shoot Ricky Hinton under G.S. 15A-401(d)(2)(a). If any of the defendants were negligent in training or supervising the officers, Ricky Hinton, by his own negligence in participating in the robbery, refusing to surrender when ordered to do so, going into a crouching position and pointing toward the officers, contributed to the killing. *See* 9 Strong's N.C. Index 3d, Negligence § 13.1 (1977).

On the forecast of evidence we hold that a court would have to find that Woodrow Hayes was justified in shooting Ricky Hinton under G.S. 15A-401(d)(2)(a); that Ricky Hinton by his own negligence contributed to his death; that there is no evidence that Ricky Hinton was killed because of his race; and that his death did not violate G.S. 28A-18-2, G.S. 15A-401(d)(2) or 42 U.S.C. §§ 1981, 1983, or 1985. Summary judgment in favor of the defendants was proper.

We hold that nothing the plaintiff could discover by examining the internal memorandums of the City of Raleigh Police Department could change the outcome of this case. For that reason, we do not pass on the plaintiff's assignment of error as to the denial by the superior court of plaintiff's motion to compel the production of these documents.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.