THE ESTATE OF KENNETH B. FENNELL, BY AND THROUGH ITS ADMINISTRATOR, ANNIE B. FENNELL, AND ANNIE B. FENNELL, PLAINTIFFS V. RICHARD L. STEPHENSON, IN HIS PERSONAL AND OFFICIAL CAPACITY; THE NORTH CAROLINA STATE HIGHWAY PATROL; AND OTHER UNKNOWN NORTH CAROLINA STATE HIGHWAY PATROL EMPLOYEES IN THEIR PERSONAL AND OFFICIAL CAPACITIES, DEFENDANTS

No. COA99-538

(Filed 18 April 2000)

## 1. Statute of Limitations— state claims—federal dismissal and appeal—tolling of state statute

Plaintiffs' claims (arising from the shooting of the deceased by a Highway Patrol officer) were timely filed where they were first filed in federal court within the state period of limitations, the federal district court granted summary judgment for defendant on the federal claims and dismissed the state claims, plaintiffs appealed the federal district court order, the federal court of appeals affirmed on 21 July 1998, and plaintiffs filed their state claims in superior court on 24 July 1998. The state period of limitations is tolled for thirty days following the date of the federal appellate decision.

## 2. Constitutional Law— Tenth Amendment—Necessary and Proper Clause—federal statute tolling state limitations statute

The federal statute which tolls state statues of limitation while actions are pending in federal court, 28 U.S.C. § 1367(d), is not an unconstitutional interference with state sovereignty in derogation of the Tenth Amendment because it has the effect of tolling a state statute of limitations while a state claim is pending in federal court rather than extending the applicable state limitations law. The tolling of a statue of limitations is procedural and within the power of Congress under the Necessary and Proper Clause of the United States Constitution.

## 3. Constitutional Law— violation of State constitutional rights by individual—no state action

The trial court properly granted a 12(b)(6) dismissal of state constitutional claims against a Highway Patrol officer in his individual capacity; North Carolina does not recognize a cause of action for monetary damages against a person in his individual capacity for alleged violations of a plaintiff's state constitutional rights.

**4. Constitutional Law— state claim for illegal search—trespass as adequate remedy**

The trial court did not err by granting a 12(b)(6) dismissal of state constitutional claims based upon allegations that a Highway Patrol officer illegally searched defendant's vehicle; the common law action for trespass to chattel provides an adequate remedy.

**5. Constitutional Law— state claim for illegal seizure—false imprisonment as adequate remedy—survival of action**

The trial court erred by granting a 12(b)(6) dismissal of a civil claim under the State constitution against a Highway Patrol officer in his official capacity for illegally detaining or seizing the decedent. Although the common law claim of false imprisonment provides an adequate remedy for unlawful restraint, that cause of action does not survive the death of a decedent.

**6. Constitutional Law— state claim for excessive force—wrongful death as adequate remedy**

The trial court did not err by granting a 12(b)(6) dismissal on civil claim for excessive force under the state constitution against a Highway Patrol officer in his official capacity arising from the death of plaintiff's decedent. Plaintiff's constitutional claim included allegations of malice, recklessness, and negligence for which a wrongful death claim would compensate plaintiff.

**7. Collateral Estoppel and Res Judicata— federal action—identical issue litigated and necessary**

The trial court properly dismissed plaintiffs' state wrongful death claim against a Highway Patrol trooper under N.C.G.S. § 1A-1, Rule 12(b)(6) where that claim was collaterally estopped by a federal ruling that defendant was entitled to qualified immunity. The issue raised in the federal district court's decision (the standard of defendant's conduct under the circumstances) was identical to the issue raised in the state wrongful death action, the federal court determined that issue in defendant's favor, and the determination was necessary to the federal district court's judgment.

**8. Immunity— sovereign—state constitutional claim**

The trial court erred by granting a Rule 12(b)(6) dismissal of a claim against a Highway Patrolman alleging a violation of equal protection under the North Carolina Constitution. The doctrine of

sovereign immunity does not bar a direct claim against the State when the claim is based on a violation of the Declaration of Rights of the North Carolina Constitution.

Appeal by plaintiffs from orders filed 15 February 1999 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 15 February 2000.

*McSurely & Osment, by Alan McSurely and Ashley Osment, for plaintiff-appellants.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Reuben F. Young, for defendant-appellees.*

GREENE, Judge.

The Estate of Kenneth B. Fennell, by and through its administrator, Annie B. Fennell, and Annie B. Fennell (collectively, Plaintiffs) appeal an order filed 15 February 1999 granting a motion by Richard L. Stephenson, in his personal and official capacity (Defendant), to dismiss Plaintiffs' claims against Defendant, and an order filed 15 February 1999 granting a motion by the North Carolina State Highway Patrol (Highway Patrol) to dismiss Plaintiffs' claims against the Highway Patrol.

The evidence shows that on 30 August 1993 at 7:00 p.m., Kenneth B. Fennell (Fennell), a twenty-three-year-old black male, was driving on Interstate 85 in Guilford County, North Carolina, when he was pulled over by Defendant, a Highway Patrol officer. Defendant was a member of the Highway Patrol's "I-Troop," which engaged in "drug interdiction" on the Interstates. At 7:05 p.m., Defendant issued Fennell a citation for driving without a license. Sometime after the citation was issued, Fennell was "shot four or five times by [Defendant] at close range with a .357 Magnum." On 12 May 1994, the Guilford County District Attorney "ruled the homicide of . . . Fennell was justified."

On 25 August 1995, Plaintiffs filed a complaint in the United States District Court against Defendant and unknown state officials. The complaint alleged claims for violation of Fennell's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs also alleged pendent state claims for wrongful death pursuant to Chapter 28 of the North Carolina General Statutes,

common law conspiracy, and deprivation of equal protection under the North Carolina Constitution.

On 29 July 1997, the United States District Court granted summary judgment in favor of Defendant on Plaintiffs' federal constitutional claims, and declined to exercise supplemental jurisdiction over Plaintiffs' pendent state claims. The court found, in pertinent part, Defendant was entitled to qualified immunity with regard to Plaintiffs' Fourth Amendment claim that Defendant used excessive force, stating "a reasonable officer in the same situation as [Defendant] could have found probable cause to believe that Fennell posed a deadly threat, and, therefore, that [Defendant] would have been authorized to use deadly force to protect himself." Additionally, the court dismissed with prejudice Plaintiffs' claims against "unidentified state officials."

Plaintiffs appealed the federal district court's order, and on 21 July 1998 the United States Court of Appeals for the Fourth Circuit affirmed the order. *See Fennell v. Stephenson*, 155 F. 3d 558 (4th Cir. 1998) (per curiam) (unpublished).

On 24 July 1998, Plaintiffs filed suit against Defendant, the Highway Patrol, and unknown Highway Patrol employees in the Superior Court of Guilford County.[1] On 24 September 1998, Plaintiffs filed an amended complaint pursuant to Rule 15 of the North Carolina Rules of Civil Procedure. Plaintiffs' amended complaint alleged facts consistent with the facts alleged in their federal complaint. The complaint included the following claims for relief against Defendant, Highway Patrol, and unknown employees of the Highway Patrol: (I) "NORTH CAROLINA CONSTITUTIONAL DEPRIVATIONS IN THE STOP, TWO SEARCHES, AND TWO SEIZURES BY DEFENDANT," including, in pertinent part, allegations Defendant unconstitutionally "searched . . . Fennell's vehicle," "detained or seized . . . Fennell," used "excessive . . . force" against Fennell, and killed Fennell "with either [intent,] malice, recklessly, or negligently"; (II) "CONSPIRACY TO DEPRIVE AND COVER-UP DEPRIVATION OF CONSTITUTIONAL RIGHTS AND UNLAWFUL ACTS AGAINST A CITIZEN BECAUSE OF HIS RACE" and "CONSPIRACY TO DEPRIVE THE VICTIM OF A CRIME AND HIS FAMILY HIS RIGHTS UNDER THE NORTH CAROLINA CONSTITUTION," based on the conduct of

---

1. Although the record in this case does not contain the 24 July 1998 complaint, the pleadings contained in the record state Plaintiffs' original complaint was filed on 24 July 1998.

"[u]nknown employees of the . . . Highway Patrol"; and (III) "WRONG-FUL DEATH" on the ground Defendant "committed the tort[] of reck-lessly causing the wrongful death of . . . Fennell." The complaint also alleged an additional claim against the Highway Patrol for violation of Fennell's constitutional rights on the ground the Highway Patrol "pro-moted or knew about and did not discipline the I-Troop's pattern and practice of racially-influenced traffic stops of Black motorists."

In an order filed 15 February 1999, the trial court granted Defendant's motion to dismiss Plaintiffs' claims against him. The trial court found all of Plaintiffs' claims were barred by the statute of limitations. In the alternative, the trial court also found Plain-tiffs' first and second claims failed to state a claim upon which relief may be granted, and Plaintiffs' third claim was barred by the doc-trine of collateral estoppel. In a second order filed on 15 February 1999, the trial court dismissed Plaintiffs' claim against the Highway Patrol on the ground the claim was barred by the doctrine of sover-eign immunity.

---

The issues are whether: (I) the state statute of limitations for Plaintiffs' state claims was tolled, pursuant to 28 U.S.C. § 1367(d), until the federal court of appeals filed a decision on Plaintiffs' appeal of the federal district court's 29 July 1997 order; (II) Congress had the authority, pursuant to the Necessary and Proper Clause of the United States Constitution, to enact 28 U.S.C. § 1367(d); (III) North Carolina recognizes a state constitutional cause of action for monetary dam-ages against a party in his individual capacity, and whether adequate state remedies exist for Plaintiffs' state constitutional claims; (IV) the doctrine of collateral estoppel bars a plaintiff's wrongful death action against an officer when a court has determined the officer is entitled to qualified immunity for the purpose of constitutional claims based on the plaintiff's death; and (V) the State may assert the doctrine of sovereign immunity as a defense to a constitutional claim brought against the State.

I

[1] Plaintiffs contend the statute of limitations for their state claims against Defendant was tolled pending their appeal to the federal court of appeals and, therefore, their claims were timely filed in state court. We agree.

The United States Code provides that when a state claim is brought in federal district court pursuant to 28 U.S.C. § 1367(a), the

state period of limitations for the claim "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) (1994). Under this statute, the state period of limitations for a plaintiff's pendent state claims is tolled for a period of thirty days after the federal district court has dismissed the plaintiff's claims. 28 U.S.C. § 1367(d). If, however, a plaintiff appeals the federal district court's dismissal of his claims, the plaintiff's pendent state claims are tolled for a period of thirty days following the date of the decision of the federal court of appeals. *See Huang v. Ziko*, 132 N.C. App. 358, 362, 511 S.E.2d 305, 308 (1999).

In this case, the federal district court filed an order on 29 July 1997 granting summary judgment in favor of Defendant on Plaintiffs' federal claims, and dismissing Plaintiffs' pendent state claims. Plaintiffs appealed the federal district court's order, and on 21 July 1998, the federal court of appeals affirmed the order of the federal district court. *Fennell*, 155 F.3d at 558. On 24 July 1998, Plaintiffs filed suit on their pendent state claims in the Superior Court of Guilford County. Because the period of limitations for Plaintiffs' claims was tolled for thirty days subsequent to the 21 July 1998 decision, Plaintiffs' claims, which were filed three days after the federal court of appeals decision, were timely filed.[2]

II

**[2]** Defendant argues 28 U.S.C. § 1367(d) is unconstitutional because it "impermissibly interferes with state sovereignty in derogation of the Tenth Amendment." We disagree.

When a federal statute conflicts with a state statute, the federal statute governs the issue provided the federal statute is " 'sufficiently broad to control the issue' " and "represents a valid exercise of Congress' authority under the [United States] Constitution." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 26-27, 101 L. Ed. 2d 22, 29 (1988) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749, 64 L. Ed. 2d 659, 667 (1980)). Because section 1367(d) is sufficiently broad to control the issue in this case,[3] we must determine whether

---

2. We note Defendant concedes in his brief to this Court that Plaintiffs' pendent state claims were originally filed in federal court within the state period of limitations for those claims.

3. Section 1367(d) directly addresses the issue of whether the state statute of limitations is tolled, and Defendant does not contend otherwise in his brief to this Court.

Congress had authority under the United States Constitution to enact the statute.

Congress has the power, pursuant to the Necessary and Proper Clause of the United States Constitution, to enact statutes creating procedural rules which govern practice and pleading in federal courts, or to enact statutes which create rules regulating matters that "fall[] within the uncertain area between substance and procedure, [and] are rationally capable of classification as either." *Hanna v. Plumer*, 380 U.S. 460, 472, 14 L. Ed. 2d 8, 17 (1965). When Congress enacts a statute creating a rule of practice in the federal courts and that statute conflicts with a state provision, the federal provision governs. *Id.* at 473-74, 14 L. Ed. 2d at 18. A statute is procedural in nature if it regulates "the judicial process for enforcing rights and duties recognized by substantive law." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 85 L. Ed. 479, 485 (1941).

Section 1367(d) does not *extend* the applicable state limitations law, as a claim must have been timely commenced in federal court pursuant to the state statute of limitations in order for section 1367(d) to apply to the claim. The statute, rather, has the effect of tolling a state statute of limitations for a state claim while that claim is pending in federal court. The tolling of a statute of limitations is a regulation of "the judicial process," and, therefore, is procedural. Accordingly, Congress had the authority, pursuant to the Necessary and Proper Clause of the United States Constitution, to enact section 1367(d).

### III

Plaintiffs argue their complaint alleged constitutional claims against Defendant, in his individual and official capacity, upon which relief could be granted, and these claims, therefore, were improperly dismissed pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Rule 12(b)(6) provides a trial court may dismiss a plaintiff's claim for "[f]ailure to state a claim upon which relief can be granted." N.C.G.S. § 1A-1, Rule 12(b)(6) (1999).

*Claims Against Defendant in His Individual Capacity*

**[3]** North Carolina does not recognize a cause of action for monetary damages against a person, sued in his individual capacity, who allegedly violated a plaintiff's state constitutional rights. *Corum v.*

*University of North Carolina*, 330 N.C. 761, 788, 413 S.E.2d 276, 293, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992).

In this case, Plaintiffs' alleged state constitutional claims against Defendant in his individual capacity, and the trial court, therefore, properly dismissed these claims pursuant to Rule 12(b)(6).

### Claims Against Defendant in His Official Capacity

[4] "[A]n individual whose state constitutional rights have been abridged has a direct action for monetary damages against a state official in [his] official . . . capacity[] if there is no adequate remedy provided by state law." *Rousselo v. Starling*, 128 N.C. App. 439, 446-47, 495 S.E.2d 725, 730 (citing *Corum*, 330 N.C. at 783-87, 413 S.E.2d at 290-92), *appeal dismissed and disc. review denied*, 348 N.C. 74, 505 S.E.2d 876 (1998). An adequate state remedy exists if, assuming the plaintiff's claim is successful, the remedy would compensate the plaintiff for the *same injury* alleged in the direct constitutional claim. *Id.* at 447, 495 S.E.2d at 731.

In this case, Plaintiffs alleged a state constitutional claim against Defendant on the ground Defendant unconstitutionally "searched . . . Fennell's vehicle."

"[T]he common law action for trespass to chattel provides a[n] [adequate] remedy for an unlawful search," *id.* at 448, 495 S.E.2d at 731, and the trial court, therefore, properly dismissed Plaintiffs' constitutional claim against Defendant for unlawful search of Fennell's vehicle pursuant to Rule 12(b)(6).

[5] Plaintiffs also alleged a constitutional claim against Defendant on the ground Defendant unconstitutionally "detained or seized . . . Fennell."

The common law claim of false imprisonment provides an adequate remedy for unlawful restraint. *Alt v. Parker*, 112 N.C. App. 307, 317-18, 435 S.E.2d 773, 779 (1993), *cert. denied*, 335 N.C. 766, 442 S.E.2d 507 (1994). A cause of action for false imprisonment, however, does not survive the death of a decedent. N.C.G.S. § 28A-18-1(b)(2) (1999). Because the test for whether an adequate state remedy exists is "whether there is a remedy available to [the] plaintiff for the violation," *Rousselo*, 128 N.C. App. at 448, 495 S.E.2d at 731, Plaintiffs did not have an adequate state remedy. Plaintiffs' claim alleging Defendant unconstitutionally "detained or seized . . . Fennell" was therefore improperly dismissed pursuant to Rule 12(b)(6).

**[6]** Finally, Plaintiffs alleged a constitutional claim against Defendant on the ground Defendant used "excessive . . . force" against Fennell and killed Fennell "with either [intent,] malice, recklessly, or negligently."

North Carolina General Statute section 28A-18-2 allows the personal representative of a decedent to bring a cause of action for wrongful death. N.C.G.S. § 28A-18-2 (1999). An action for wrongful death may be brought when a person's death "is caused by a wrongful act, neglect or default of another" provided the injured person, had he lived, would have been entitled to bring an action for damages. *Id.* A wrongful act includes the "death of the decedent through malice or willful or wanton conduct," and punitive damages may be available when such conduct is shown. N.C.G.S. § 28A-18-2(b)(5).

In this case, Plaintiffs' constitutional claim included allegations Defendant killed Fennell "with either [intent,] malice, recklessly, or negligently." Because a wrongful death claim would compensate Plaintiffs for these same injuries, the trial court properly dismissed this constitutional claim pursuant to Rule 12(b)(6).[4]

IV

**[7]** Defendant contends that because the federal district court found Defendant was entitled to qualified immunity regarding Plaintiffs' federal constitutional claims, Plaintiffs are precluded based on the doctrine of collateral estoppel from bringing a wrongful death action against Defendant. We agree.

The doctrine of collateral estoppel provides "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). A party asserting collateral estoppel must show: (1) "the earlier suit resulted in a final judgment on the merits"; (2) "the issue in question was identical to an issue actually litigated and necessary

---

4. Plaintiffs argue in their brief to this Court that the trial court erred in dismissing Plaintiffs' claim against Defendant for his "PARTICIPATION IN AN UNCONSTITUTIONAL CONSPIRACY AGAINST . . . FENNELL." Plaintiffs' allegations of conspiracy, however, do not allege Defendant participated in a conspiracy; rather, Plaintiffs allege "[u]nknown employees of the . . . Highway Patrol" engaged in a conspiracy to cover up Defendant's actions. Because Plaintiffs assign error solely to the trial court's dismissal of claims against Defendant and the Highway Patrol, we do not address whether Plaintiffs' claims of conspiracy were properly dismissed. N.C.R. App. P. (10)(a).

ESTATE OF FENNELL v. STEPHENSON

[137 N.C. App. 430 (2000)]

to the judgment"; and (3) the party asserting collateral estoppel and the party against whom it is asserted "were either parties to the earlier suit or were in privity with [the] parties." *Id.* at 429, 349 S.E.2d at 557. Because the parties do not dispute the federal district court's judgment was a final judgment on the merits and the parties in this action were parties to the federal suit, the issue before this Court is whether Plaintiffs' wrongful death claim contains an issue identical to an issue litigated in the federal district court and necessary to that court's judgment.

In this case, Plaintiffs alleged a wrongful death claim on the ground Defendant "committed the tort[] of recklessly causing the wrongful death of . . . Fennell." An action for wrongful death must be based on a claim that the decedent would have been entitled to bring against the defendant, had the decedent lived. N.C.G.S. § 28A-18-2(a). Because Plaintiffs allege Defendant's conduct was reckless, Fennell would have been entitled, had he lived, to bring a cause of action for tortious infliction of injury based on willful and wanton negligence. *See Akzona, Inc. v. Southern Railway Co.*, 314 N.C. 488, 495, 334 S.E.2d 759, 763 (1985) (describing the tort of willful and wanton negligence). Willful and wanton negligence requires a showing the defendant " 'knew the probable consequences [of his actions], but was recklessly, wantonly, or intentionally indifferent to the results.' " *Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 520, 361 S.E.2d 909, 915 (1987) (quoting *Wagoner v. R.R.*, 238 N.C. 162, 168, 77 S.E.2d 701, 706 (1953)), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988).

In this case, the federal district court determined Defendant was entitled to qualified immunity. Whether a police officer is entitled to qualified immunity is judged by a standard of objective reasonableness, and the trial court must determine "what a 'reasonable officer on the scene' would have done." *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 787 (4th Cir. 1998) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 104 L. Ed. 2d 443, 455 (1989)). The federal district court found Defendant was entitled to qualified immunity because "a reasonable officer in the same situation as [Defendant] could have found probable cause to believe that Fennell posed a deadly threat, and, therefore, that [Defendant] would have been authorized to use deadly force to protect himself." The federal district court's decision, therefore, raises an issue identical to the issue raised in Plaintiffs' wrongful death action: what was the standard of Defendant's conduct under the circumstances. The federal district court determined that issue in

ESTATE OF FENNELL v. STEPHENSON

[137 N.C. App. 430 (2000)]

Defendant's favor and, because the determination was necessary to the federal district court's judgment, we are bound by that finding under the doctrine of collateral estoppel. Plaintiffs, therefore, were collaterally estopped from bringing a wrongful death action against Defendant based on Defendant's alleged reckless conduct. *See Sigman*, 161 F.3d at 789 (plaintiff cannot assert wrongful death claim against officer when trial court found defendant was entitled to qualified immunity and, therefore, acted reasonable under the circumstances as a matter of law). Accordingly, the trial court properly dismissed Plaintiffs' wrongful death claim.

V

[8] Plaintiffs argue their constitutional claim against the Highway Patrol was not barred by the doctrine of sovereign immunity. We agree.

In *Corum*, the North Carolina Supreme Court held the doctrine of sovereign immunity does not bar a direct claim against the State when the claim is based on a violation of the Declaration of Rights of the North Carolina Constitution. *Corum*, 330 N.C. at 786, 413 S.E.2d at 292. The *Corum* court stated "when there is a clash between . . . constitutional rights and sovereign immunity, the constitutional rights must prevail." *Id.*

In this case, Plaintiffs alleged the Highway Patrol violated Fennell's constitutional rights by promoting or knowing about "the I-Troop's pattern and practice of racially-influenced traffic stops of Black motorists." Because this claim alleged a violation of Fennell's right to equal protection under the North Carolina Constitution, the Highway Patrol was not entitled to assert the doctrine of sovereign immunity as a defense to this claim. Accordingly, the trial court's dismissal of Plaintiffs' claim against the Highway Patrol is reversed.

Affirmed in part and reversed in part.

Judges WALKER and TIMMONS-GOODSON concur.