HAROLD F. PRIOR AND PAULETTE M. PRIOR, CO-ADMINISTRATORS OF THE ESTATE OF SHAWN KELLY PRIOR, DECEASED, AS ADMINISTRATORS, AND ON THEIR OWN BEHALF PLAINTIFFS V. JAMES EARL PRUETT, INDIVIDUALLY IN HIS OFFICIAL CAPACITY AS DEPUTY OF THE BURKE COUNTY SHERIFF'S DEPARTMENT; STEVEN SCOTT ROGERS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A DEPUTY OF THE BURKE COUNTY SHERIFF'S DEPARTMENT; LYLE DEAN GARLAND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A DEPUTY OF BURKE COUNTY SHERIFF'S DEPARTMENT; RALPH JOHNSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF BURKE COUNTY; AND BURKE COUNTY, A BODY POLITIC AND CORPORATE, DEFENDANTS

No. COA00-415

(Filed 5 June 2001)

**1. Wrongful Death— negligence—assault and battery—state tort claims—summary judgment improperly based on qualified immunity in Section 1983 suit**

The trial court erred by granting summary judgment in favor of defendants on plaintiffs' state law tort claim for wrongful death based on the trial court's erroneous use of the federal dis-

trict court's finding of qualified immunity in plaintiffs' action for relief under 42 U.S.C. § 1983, because: (1) the prior unpublished decision of the Court of Appeals in this case held that the federal court's determination that defendants were entitled to qualified immunity under federal law does not collaterally estop plaintiffs from proceeding in their state law tort actions when the threshold of liability in a Section 1983 claim is higher than the threshold in a state law tort claim; and (2) the prior panel's decision is the law of the case and is thus binding.

**2. Appeal and Error— appealability—wrongful death—suit against officers in individual capacity—issue already decided**

Although defendants contend that the trial court's grant of summary judgment in a wrongful death action should be affirmed based on the fact that plaintiff's complaint allegedly does not relate to actions in defendant officers' individual capacities, it is unnecessary to revisit this issue on appeal given the Court of Appeals' conclusion to the contrary in a prior unpublished opinion.

**3. Wrongful death— negligence—officers—summary judgment improper**

The trial court erred in a wrongful death action by granting summary judgment in favor of defendant officers on the issue of negligence, because there was a genuine issue of material fact regarding the reasonableness of defendant officers' conduct in shooting the decedent.

**4. Wrongful Death— negligence—county and sheriff's department—summary judgment improper**

The trial court erred in a wrongful death action by granting summary judgment in favor of defendant county and defendant sheriff's department on the issue of negligence, because the forecast of evidence reveals that a jury could find that the sheriff's department was negligent in the training and supervision of defendant officers and that negligence, in turn, proximately caused the death of the victim.

**5. Wrongful Death— contributory negligence—summary judgment improper**

The trial court erred in a wrongful death action by granting defendants' motion for summary judgment on the issue of con-

tributory negligence, because the forecast of evidence creates a question of material fact as to whether the victim had the capacity to control his own actions in order to actually or constructively appreciate the danger of injury which his conduct involved.

### 6. Wrongful Death— officers sued in individual capacity— summary judgment improper

The trial court erred in a wrongful death action by granting summary judgment in favor of defendant officers in an action against the officers in their individual capacity based on the defense of public officer immunity, because the evidence viewed in the light most favorable to plaintiffs creates a genuine issue of material fact as to whether the officers acted with malice, corruption, or beyond the scope of authority.

Appeal by and through co-administrators of the decedent's estate from judgment entered 10 January 2000 by Judge Jesse B. Caldwell in Burke County Superior Court. Heard in the Court of Appeals 8 February 2001.

*Goldsmith, Goldsmith & Dews, P.A., by C. Frank Goldsmith, Jr., for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, by G. Michael Barnhill and W. Clark Goodman, for defendants-appellees.*

BIGGS, Judge.

This appeal arises from a wrongful death action filed by the Estate of Shawn Kelly Prior, in which the trial court granted the defendants' motion for summary judgment. Plaintiffs, Harold and Paulette Prior assert that the trial court's entry of summary judgment was error because there were genuine issues of material fact regarding the reasonableness of the defendants' conduct and therefore defendants were not entitled to judgment as a matter of law. For the reasons stated herein, we reverse the decision of the trial court.

On 15 August 1994, Harold and Paulette Prior (hereinafter plaintiffs), the parents and co-administrators of the estate of Shawn Prior, commenced this action in Burke County Superior Court. The action consisted of a claim for relief under 42 U.S.C. § 1983 for a violation of the plaintiff decedent's civil rights and a claim for relief under North Carolina common law based on the wrongful death of the decedent

upon theories of negligence and assault and battery. Plaintiffs subsequently removed the case to the United States District Court for the Western District of North Carolina based on the federal civil rights claim.

Following extensive discovery, defendants moved for summary judgment as to all claims. On 16 May 1996, the Honorable Lacy H. Thornburg granted the defendants' motion for summary judgment as to the causes of action pursuant to 42 U.S.C. § 1983 based on a determination that the officers were entitled to qualified immunity.[1] Judge Thornburg declined to exercise supplemental jurisdiction over the state claims and remanded the claims to state court, noting that the "threshold for determining whether the limits of privileged force have been exceeded for purposes of liability under Section 1983 is higher than that for a normal tort action," and "[t]hus, the above ruling is not sufficient for dismissal of these claims."

On remand, before the superior court of Burke County, the defendants' filed a motion for judgment on the pleadings. On 23 March 1997, the Honorable Claude S. Sitton denied the defendants' motion, after which the defendants' appealed. On appeal to this Court, the defendants' argued that the trial court erred by (1) denying the defendants' motion for judgment on the pleadings on the basis of collateral estoppel and (2) denying defendants' motion for judgment on the pleadings as to all claims against the defendants in their individual capacities on the basis of public officer immunity. In an unpublished opinion, this Court affirmed the trial court's decision.

On 5 October 1999, pursuant to Rule 56, the defendants filed a motion for summary judgment relying on the findings of fact contained in the Memorandum and Order by Judge Thornburg and the materials included in the Appendix to defendants' motion for summary judgment in the United States District Court. After hearing the arguments of the parties and considering the evidence presented, the trial court granted the motion for summary judgment as to all defendants and dismissed all remaining charges with prejudice. From this order, the plaintiffs now appeal.

Pertinent facts and procedural history include the following: Shawn Prior (Shawn) was the twenty-four year old son of plaintiffs

---

1. Under federal law, officers are entitled to qualified immunity if a reasonable officer possessing the same particularized information as the officers, *could* have believed his conduct was lawful. *See McLenagan v. Karnes*, 27 F.3d 1002, 1006-08 (4th Cir.) *cert. denied*, 513 U.S. 1018, 130 L. Ed. 2d 496 (1994) (emphasis added).

Harold and Paulette Prior. Shawn had a history of alcohol and drug abuse, and had been hospitalized in 1992 for attempted suicide. In August 1993, Shawn was released from Swain Recovery Center in Black Mountain, North Carolina after forty-two days of in-patient treatment for substance abuse. By the end of September 1993, Shawn had begun drinking again.

On 2 October 1993, Shawn was heavily intoxicated and called 911 threatening suicide. The 911 operator notified emergency medical services and the Burke County Sheriff's Department. Neighbors Joe and Mark Cooper heard the 911 call over the police scanner and went to the Prior residence to investigate. Both Mark and Joe observed that Shawn was intoxicated and was in possession of a fifteen to sixteen inch knife.

When the EMS technicians arrived, Mark Cooper told the sheriff's deputy, "[h]ey you need to get your ass up here, you know, just to get between us and him." Defendant Lyle Garland (Garland), the first deputy on the scene, found Shawn standing at the door leading from the garage to the kitchen holding a knife in his right hand. With his gun drawn, but out of Shawn's view, the deputy attempted to talk Shawn into dropping the knife. Shawn refused; instead responding with threats and obscenities. Soon, Lieutenant James Pruett (Pruett) arrived. With his gun drawn, Pruett yelled at Shawn to drop the knife, to which Shawn responded by drawing up the knife as if he would use it. After Pruett arrived, Garland advanced to the screen door to attempt to disarm Shawn, but was unsuccessful. At this point, Shawn yelled at the officers saying that he had a gun and was going to get it.

While the officers were trying to convince Shawn to drop the knife, Shawn's brother, Todd Prior (Todd), arrived on the scene and asked to speak to his brother, but the officers refused. At some point, a third officer, defendant Steven Rogers (Rogers) arrived and positioned himself between Garland and Pruett. His arrival prompted Shawn to point the knife at each officer, yelling, "[s]peak English or die." The officers commented that they were concerned that if Shawn left the door to get the gun, he would harm anyone in his path, including the EMS personnel and his parents in the event that they came home.

The officer-defendants continuously warned Shawn not to step out of the door and urged him to put the knife down. While doing so, Sergeant Leon Foss, a friend of Shawn's mother, arrived and tried to

talk Shawn into dropping the knife. Although Shawn calmed momentarily, he soon became agitated again and slammed the knife through the glass panes in the door. He began cursing at the officers, and switching the knife from hand to hand. As Sergeant Foss attempted to reason with him, Shawn closed his eyes, began to breathe deeply, and began rocking back and forth while holding the knife up near his chest. With their guns drawn, the officers warned Shawn not to come out of the door, or they would have to take action. When Shawn began to move forward, with his left foot, all three officers discharged their weapons, fatally wounding the decedent. Although Garland and Rogers each shot Shawn once, Pruett shot three times.

On appeal, the plaintiffs argue that the trial court erred in granting defendants' motion for summary judgment because there were genuine issues of material fact regarding the reasonableness of the defendants' conduct. We agree and reverse the decision of the trial court.

A defendant is entitled to summary judgment if there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1999). If findings of fact are necessary to resolve an issue of material fact, summary judgment is improper. *Moore v. Galloway*, 35 N.C. App. 394, 396, 241 S.E.2d 386, 387 (1978). A material fact for summary judgment purposes is one that "would constitute or would irrevocably establish any material element of a claim or defense." *Bernick v. Jurden*, 306 N.C. 435, 440, 293 S.E.2d 405, 409 (1982) (quoting *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980)). Evidence properly considered on a motion for summary judgment includes "admissions in pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file . . . affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Epps v. Duke University, Inc.* 122 N.C. App. 198, 202, 468 S.E.2d 846, 849-50, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996). Any evidence presented should be "viewed in the light most favorable to the non-movant, giving it the benefit of all inferences which reasonably arise therefrom." *Id.* To overcome a motion for summary judgment, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a *prima facie* case at trial." *Creech v. Melnik*, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Generally, summary judgment is inappro-

priate in cases alleging negligence because the standard of reasonable care should ordinarily be applied by the jury under appropriate instruction from the court. *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) (citation omitted).

[1] At the outset, we address the defendants' argument that the trial court's grant of summary judgment was proper because the federal district court's finding of qualified immunity precludes the plaintiffs' state law tort claim for wrongful death as a matter of law. As primary support for this argument, the defendants cite *Estate of Fennell v. Stephenson*, 137 N.C. App. 430, 528 S.E.2d 911 (2000). In *Fennell*, plaintiffs brought a wrongful death action in state court after the dismissal of their federal claims brought pursuant to 42 U.S.C. § 1983 based on a finding of qualified immunity. The court in *Fennell* stated that the federal court conclusively addressed the issue of reasonableness as to an officer's questionable conduct under the circumstances in determining whether defendants were entitled to qualified immunity. In the state tort claim, the determinative issue was once again the reasonableness of the officer's actions. The court in *Fennell* held that since "[t]he federal district court determined that issue in the Defendant's favor and, because the determination was necessary to the federal court's judgment, [they were] bound by [the federal court's] finding under the doctrine of collateral estoppel[2]." *Fennell* at 439-40, 528 S.E.2d at 917. We find however that their reliance on *Fennell* is misplaced.

It has long been recognized that "once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal." *Southern Furniture Co. v. Dep't of Transp.*, 133 N.C. App. 400, 408, 516 S.E.2d 383, 388 (1999); *N.C.N.B. v. Virginia Home Builders*, 307 N.C. 563, 299 S.E.2d 629 (1983); *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C. App. 672, 522 S.E.2d. 789, *cert. denied*, 351 N.C. 372, 543 S.E.2d 149 (2000). Even unpublished opinions, which are normally without precedential value, or an erroneous decision by the Court of Appeals becomes the law of the case for that case only. *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C.

---

2. "The doctrine of collateral estoppel provides 'a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies'." *Estate of Fennell v. Stephenson*, 137 N.C. App. 430, 438, 528 S.E.2d 911, 916 (2000) (quoting *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986)).

App. 672, 522 S.E.2d 789 (1999); *King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973).

In *Prior v. Pruett* (*Prior I*), Slip Opinion COA97-787 (1998), an unpublished opinion filed 29 December 1998, the defendant presented the very issues that are presently before this Court. On appeal, the defendant contended that the trial court erred by (1) denying defendants' motion for judgment on the pleadings on the basis of collateral estoppel and (2) denying defendants' motion for judgment on the pleadings as to all claims against defendants in their individual capacities on the basis of public officer immunity. *Id.* The Court in *Prior I* held that "the federal court's determination that defendants were entitled to qualified immunity under federal law does not collaterally estop plaintiffs from proceeding in their state law tort actions," because "the threshold of liability in a Section 1983 claim is higher than the threshold in a state law tort claim," and "[a]s a result, the instant federal and state actions do not present the same issues for determination." *Id.*; *see also, Fowler v. Valencourt*, 108 N.C. App. 106, 115, 423 S.E.2d 785, 790 (1992); *Myrick v. Cooley*, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496, *disc. review denied*, 323 N.C. 477, 373 S.E.2d 865 (1988).

The decision of the panel in *Prior I* is the law of the case and is thus binding. Accordingly, we find that plaintiffs are not collaterally estopped from proceeding with their tort action in state court. We next address the plaintiffs' assignment of error regarding the trial court's grant of summary judgment.

[2] As a preliminary issue, we note that plaintiffs sued defendants in both their official and individual capacities. While we recognize that generally, claims of negligence can not be maintained against public officials in their individual capacity, these actions may be maintained, if plaintiffs bring forth evidence sufficient to "pierce the cloak of official immunity." *Moore v. Evans*, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996) (citation omitted). In so doing, plaintiffs are allowed to sue officials in their individual capacities, as if the suit had been brought against "any private individual." *Id.*

In *Prior I*, this Court determined that the allegations in plaintiffs' complaint were sufficient to overcome defendants' claims of official immunity and therefore, sufficient to maintain an action against defendants in their individual capacities. Defendants contend on appeal that the grant of summary judgment should be affirmed because the allegations in plaintiff's complaint do not relate to

actions in defendants' individual capacities. Given this Court's conclusion to the contrary in *Prior I*, we find it unnecessary to revisit the issue of whether plaintiffs presented sufficient allegations to maintain this action against defendants in either their official or individual capacities. Consequently, defendants' argument is without merit. We now address plaintiffs' contentions regarding the propriety of summary judgment.

## A. Negligence (Defendants Pruett, Garland, and Rogers)

**[3]** Plaintiffs first contend that the trial court erred in granting defendants' motion for summary judgment as to the claims of negligence.

Plaintiffs assert that the officer-defendants were negligent[3] in their use of deadly force against Shawn Prior and that their gross negligence proximately caused his death. Plaintiffs argue that the evidence before the trial court was sufficient to create a genuine issue of material fact regarding the reasonableness of defendants' conduct and therefore summary judgment was improper. We agree.

"In a negligence action, a law enforcement officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances." *Best v. Duke University*, 337 N.C. 742, 752, 448 S.E.2d 506, 511-12 (1994) (quoting *Bullins v. Schmidt*, 322 N.C. 580, 582, 369 S.E.2d 601, 603 (1988)). Under certain circumstances, law enforcement officers may use deadly force without fear of incurring criminal or civil liability. *State v. Irick*, 291 N.C. 480, 501, 231 S.E.2d. 833, 846 (1977). N.C.G.S. § 15A-401(d)(2)(a) (1999) provides that "[a] law-enforcement officer is justified in using deadly physical force upon another person . . . only when it appears reasonably necessary thereby to defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force." However, an officer may be held liable for use of "unreasonable or excessive force." N.C.G.S. § 15A-401(d)(2) (1999).

In the instant case, plaintiffs' complaint alleged that defendants Pruett, Rogers, and Garland were grossly negligent in their use of

---

3. Alternatively, plaintiffs' assert a claim for assault and battery. "[A] civil action for damages for assault and battery is available at common law against one who, for the accomplishment of a legitimate purpose, such as justifiable arrest, uses force which is excessive under the given circumstances." *Thomas v. Sellers* 142 N.C. App. ——, ——, 542 S.E.2d 283, 287 (2001) (quoting *Myrick v. Cooley*, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988)).

deadly force and that their conduct was unreasonable under the circumstances. Evidence before the court in support of plaintiffs' contention included testimony from two expert witnesses stating that the actions of the officers under the circumstances were excessive, inappropriate in response to a suicide threat, and in reckless disregard for the life and safety of Shawn Prior. Also present in the record are conflicting accounts regarding Shawn Prior's final movements. The defendants assert that they shot Shawn because he "lunged" toward them. However, in a deposition, an eyewitness to the events stated that Shawn's movement was less than a lunge, but more of a "leaning forward with your body and arms," not inconsistent with movement back and forth that Shawn had previously made without consequence. These differing accounts of the incident create a genuine question of material fact as to whether the officer's reasonably perceived Shawn as an imminent threat, especially in light of officer testimony that they had predetermined orders from Lieutenant Pruett to shoot if Shawn moved forward.

"[W]hen there is substantial evidence of unusual force, it is for the jury to decide whether the officer acted as a reasonable and prudent person . . . ." *Todd v. Creech*, 23 N.C. App. 537, 539, 209 S.E.2d 293, 295, *cert. denied*, 286 N.C. 341, 211 S.E.2d 216 (1974). Viewing this evidence in the light most favorable to the plaintiff, a jury could find that the circumstances did not warrant deadly force, and therefore the officers did not act reasonably. We find that the evidence before the trial court regarding the reasonableness of the officers' actions presented a genuine question of material fact for the jury and therefore the trial court erred in granting the defendants' motion for summary judgment.

**B. Liability of Burke County Sheriff's Department and Burke County**

**[4]** "A sheriff is liable for the acts or omissions of his deputy as he is for his own." *Cain v. Corbett*, 235 N.C. 33, 38, 69 S.E.2d 20, 23 (1952). Accordingly, plaintiffs maintain that the negligent acts of defendants Pruett, Rogers, and Garland occurred in the course and scope of their employment and therefore their negligence is imputed to their employer, Ralph Johnson, (Burke County Sheriff) under the principle of *respondeat* superior. Additionally, plaintiffs allege that defendant Ralph Johnson, as the Burke County Sheriff, and Burke County were negligent in failing to establish reasonable procedures, including the training of subordinates in methods designed to prevent

the excessive use of force and procedures for responding to suicide threats and situations involving emotionally disturbed persons. *See Johnson v. Lamb*, 273 N.C. 701, 707, 161 S.E.2d 131, 137 (1968) (employer has duty to exercise due care in the supervising and directing of employees).

Both of the above mentioned claims against the County and the Sheriff's Department are derivative and dependant on the resolution of the negligence claims against the defendant-officers. Without an underlying negligence charge against the deputies, a claim of negligence against the Sheriff and County can not be supported. *Id.*; *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C. App. 672, 681, 522 S.E.2d 789, 794 (1999). In holding that the underlying negligence charge presents a genuine issue of material fact, it would be improper to grant summary judgment as to the issue of liability on the part of the County and Sheriff's department.

Furthermore, as support for their contention, plaintiffs presented testimony of an expert in police policies who stated that "both the violations of generally accepted law enforcement custom and practice in this situation and the death of Shawn Prior were direct and predictable results of grossly inadequate supervisory and training policies and practices on the part of the Burke County Sheriff's Department." From this forecast of evidence, a jury could find that the Sheriff's Department was negligent in training and supervision and that negligence in turn, proximately caused the death of Shawn Prior.

## C. Contributory Negligence

[5] In response to plaintiffs' complaint, defendants denied claims of negligence and asserted that in refusing to cooperate and threatening the police officers with a deadly weapon, Shawn was contributorily negligent. Contributory negligence is the breach of duty of a plaintiff to exercise due care for his or her own safety, such that the plaintiff's failure to exercise due care is the proximate cause of his or her injury. *Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 455, 406 S.E.2d 856, 861 (1991). Contributory negligence acts as a complete bar to a plaintiff's recovery.[4] *Id.* "Issues of contributory neg-

---

4. In a wrongful death action, plaintiffs can only bring actions that decedent would have been entitled to bring if he had survived. If the decedent is barred from recovery by a finding of contributory negligence, then plaintiff's in a wrongful death action are likewise barred. *See e.g., Hinton v. City of Raleigh*, 46 N.C. App. 305, 264 S.E.2d 777, *disc. review denied*, 300 N.C. 556, 270 S.E.2d 107 (1980).

ligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment." *Nicholson v. American Safety Utility Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997). "Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." *Id.* However, if evidence of plaintiff's contributory negligence is uncontroverted, the defendant is entitled to summary judgment as a matter of law. *Meadows v. Lawrence*, 75 N.C. App. 86, 88-89, 330 S.E.2d 47, 49 (1985).

"[A] plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves." *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965) (citation omitted). In the present case, plaintiffs presented expert testimony in an affidavit stating that Shawn was emotionally disturbed, and at the time of the fatal shooting, he lacked capacity to control his own actions. This forecast of evidence creates a question of material fact and therefore the issue of contributory negligence should be resolved by the trier of fact. We find that the trial court erred in granting defendants' motion for summary judgment as to the issue of contributory negligence.

## D. Public Officer Immunity

**[6]** As a defense to plaintiffs' charge of negligence in their individual capacity, defendants asserted the public officers' immunity doctrine. "Under the public officers' immunity doctrine, 'a public official is [generally] immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties'." *Schlossberg v. Goines*, 141 N.C. App. 436, 445, 540 S.E.2d 49, 56 (2000) (quoting *Slade v. Vernon,* 110 N.C. App. 422, 428, 429 S.E.2d 744, 747 (1993)); *see Shuping v. Barber*, 89 N.C. App. 242, 248, 365 S.E.2d 712, 716 (1988) (police are public officials). To withstand a law enforcement officer's motion for summary judgment on the issue of individual capacity, plaintiffs must allege and forecast evidence demonstrating that the officers acted maliciously, corruptly, or beyond the scope of duty. In their complaint, the plaintiffs alleged that defendants' actions were "willful, wanton, malicious, intentional, or grossly negligent." In support of this claim, the plaintiffs once again presented testimony from an expert who stated that "defendants committed gross violations of generally accepted

police practice and custom" and that they acted "with reckless and wanton disregard for the life and safety of Shawn Prior." Additionally, plaintiffs' allegations that defendants used excessive force could support a finding that defendants' actions were beyond the scope of authority to use deadly force. We conclude that this evidence, when viewed in the light most favorable to the plaintiffs creates a genuine issue of material fact as to whether the officers acted with malice, corruption, or beyond the scope of authority.

For the reasons stated above, we hold that there exist genuine issues of material fact and therefore, the trial court erred in granting summary judgment.

Reversed.

Judges WYNN and TIMMONS-GOODSON concur.